## COURT OF APPEALS,

### May 13, 1913.

## THE PEOPLE v. FRANK KAMINSKY.

### (208 N. Y. 389.)

(1.) FELONY COMMITTED BY CHILD UNDER SIXTEEN.

A felony, not capital or punished by imprisonment for life, when committed by a child under sixteen, is only a misdemeanor, and the court may determine the age of a child, accused of such a crime, by inspection. (Penal Law, §§ 817, 2186.)

(2.) CONSTITUTIONAL LAW.

The statute (Penal Law, § 2186) authorizing the prosecution, without indictment and in a Court of Special Sessions, of a child under sixteen years of age for the crime of stealing a pocket book from the person, is not a violation of the constitutional provision (Art. 1, § 6) that no person shall be held to answer for a capital, or otherwise infamous crime, except on the presentation or indictment of the grand jury, since the statute reduces all crimes committed by children under sixteen years of age to the grade of misdemeanors.

(3.) SAME—RIGHT OF TRIAL BY JURY.

The constitutional right of trial by jury is not violated by the statute conferring jurisdiction of juvenile offenders upon Courts of Special Sessions. The Constitution (Art. 6, § 23) expressly provides that Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law.

(4.) INQUIRY AFTER CONVICTION.

The statute providing that a defendant convicted of a crime shall be asked whether he has any legal cause to show why sentence should not be pronounced against him (Code Crim. Pro. § 480) has no application in the case of misdemeanors.

(5.) COURT MINUTES—SYMBOLS OR ABBREVIATIONS THEREIN.

Symbols, or abbreviations, of an ambiguous character are not appropriate to the minutes of a court dealing with personal liberty.

The minutes should distinctly specify the crime of which the defendant was found guilty and its degree.

*People* v. *Kaminsky*, 137 App. Div. 941, affirmed.

(Argued March 31, 1913; decided May 13, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 30, 1910, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of the crime of grand larceny in the second degree.

The facts, so far as material, are stated in the opinion.

*Henry Hirschberg* for appellant. The judgment should be reversed because no proof was offered to show that appellant was less than sixteen years of age and hence the court, one of limited and inferior jurisdiction, has not been affirmatively shown to have had jurisdiction to try him for the crime charged. (Penal Code, § 699.) The Court of Special Sessions, and, of course, the Children's Part thereof, are not courts of record. The Children's Court, therefore, is a court of special and limited jurisdiction deriving its powers solely from the statute, and all facts conferring jurisdiction upon it must be affirmatively alleged and proven. (People v. McLaughlin, 57 App. Div. 454; People v. Bates, 38 Hun, 180; Lattimore v. People, 10 Hun, 336; People ex rel, Latz v. Norton, 76 Hun, 7, 10; People ex rel. Dougan v. Green, 97 App. Div. 404, 407; Matter of Travis, 55 How. Pr. 347; People v. Mallon, 39 How. Pr. 454.) While an inspection of the defendant by the trial court would be entitled to some weight if supported by some evidence, such inspection alone is not sufficient. When the jurisdiction of the court and the nature of the crime depend upon the fact that the defendant is under a specified age, there must be some evidence in the record on the question of age. (People v. Marks, 146 App. Div. 11; Matter of Knowack, 158

N. Y. 482; Cancemi v. People, 18 N. Y. 128.) The applicant has been deprived of his liberty without due process of law and denied the equal protection of the law, contrary to section 1 of the 14th amendment to the United States Constitution. Among the essentials of due process of law is preliminary notice of the offense charged before one can be put to trial for crime. This was denied defendant. (8 Cyc. of Law & Pro. 1087; 10 Am. & Eng. Ency. of Law, 303, 304; Lowe v. Kansas, 163 U. S. 81; State v. Symonds, 57 Me. 148; State v. Bates, 14 Utah, 293; Green v. Briggs, 1 Curt. [U. S.] 311; Stewart v. Palmer, 74 N. Y. 183; Gilman v. Tucker, 128 N. Y. 190; Cox v. State, 144 N. Y. 396; Colin v. Lisk, 153 N. Y. 188; People ex rel. Balcom v. Mosher, 163 N. Y. 32; Barry v. Village of Pt. Jervis, 64 App. Div. 268; Matter of Grout, 105 App. Div. 98.) The statutes permitting appellant to be held to answer for an infamous crime without preliminary indictment or presentment of a grand jury violated section 6 of article 1 of the Constitution of the State of New York, and his detention is, therefore, without due process of law as established by that section. (People v. Whipple, 9 Cow. 708; Cancemi v. People, 18 N. Y. 128.) Appellant was deprived of the right of a trial by petit jury contrary to the provisions of section 2 of article 1 of the Constitution of the state of New York. (People ex rel. Comaford v. Dutcher, 83 N. Y. 240; People ex rel. Murray v. Justices, 74 N. Y. 406; Mansfield Case, 22 Penn. Super. Ct. 224.)

*Charles S. Whitman, District Attorney* (*Robert S. Johnstone* of counsel), for respondent. The children's Court had jurisdiction to try the defendant for the offense charged against him if he was under the age of sixteen years. (L. 1901, ch. 466, §§ 1409, 1419; L. 1910, ch. 659; Penal Law, § 2186.) The trial court adjudicated the question of age. Its verdict and judgment involved a finding and determination that the

defendant was under sixteen years of age—a fact duly alleged in the complaint. Whether or not that finding was supported by competent evidence did not affect the jurisdiction of the court. The court was authorized to determine the fact, and necessarily did determine it in finding the defendant guilty and passing judgment. (Matter of Gregory, 219 U. S. 210; Harlan v. McGourin, 218 U. S. 442; People ex rel. Kuhn v. House of Mercy, 133 N. Y. 207; People ex rel. Danziger v. House of Mercy, 128 N. Y. 180; People ex rel. Fleischman v. Fox, 34 Misc. Rep. 82.) There was sufficient proof of age on the trial, since the inspection by the court furnishes evidence of the age of the child. (Penal Law, § 817; Matter of Serafino, 66 How. Pr. 178; Wigmore on Ev. § 222; People v. Ragone, 54 App. Div. 498; People v. Dickerson, 58 App. Div. 202; Comm. v. Hollis, 170 Mass. 433; Jones v. State, 106 Ga. 65; State v. Arnold, 13 Ired. 184; Regina v. Visani, 15 L. T. [N. S.] 240.) The defendant was given notice of the accusation by affidavits of complaint in writing and upon oath. He appeared in person and with counsel, pleaded not guilty, was tried in open court, cross-examined the witnesses against him and was heard fully in his defense. There was, therefore, no denial of due process of law. (Simon v. Craft, 182 U. S. 427; Coffey v. Harlan County, 204 U. S. 659; People v. Mullen, 66 Misc. Rep. 476; People v. Cook, 45 Hun, 34; People v. Johnston, 187 N. Y. 319; Robbins v. Gorham, 25 N. Y. 588; Gardner v. People, 62 N. Y. 299; People v. Hicks, 15 Barb. 153.) The legislature has the power under the Constitution to confer upon the Court of Special Sessions jurisdiction over all offenses of the grade of misdemeanors and for such offenses the defendant is not entitled to a trial by jury. Since the crime for which appellant was convicted was a misdemeanor only it was triable in Special Sessions without a jury without violating the Constitution. (People ex rel. Comaford v. Dutcher, 83 N. Y. 240; People v. Levy, 24 Misc. Rep. 469; People ex rel. Warren

v. Brady, 37 Misc. Rep. 126; People v. Stein, 80 App. Div. 357; People v. Lyon, 99 N. Y. 210, 221; People ex rel Cosgriff v. Craig, 155 N. Y. 150; People v. Taylor, 198 N. Y. 542.) The defendant's offense is not an " infamous crime " within the meaning of the constitutional provision. Whether or not a crime is an " infamous " one is to be determined from the punishment which may follow conviction. The term is practically synonymous with " felony," and means a crime punishable by death or by imprisonment in a state prison. A crime is infamous if an infamous punishment may be inflicted therefor. (Ex parte Wilson, 114 U. S. 417; Mackin v. United States, 117 U. S. 348; Matter of Claasen, 140 U. S. 200; Matter of Butler, 84 Me. 25; United States v. Wynn, 9 Fed. Rep. 886, 888; State v. Bixler, 62 Md. 354, 360; People v. Parr, 4 N. Y. Cr. Rep. 545; People ex rel. Stetzer v. Rawson, 61 Barb. 619; People ex rel. Cosgriff v. Craig, 195 N. Y. 190.) It was not necessary to ask the defendant what he had to say why judgment should not be pronounced against him according to law. At the common law this was only required in cases of felonies, which were punishable by death; and, while it may be conceded that it is required to-day in all cases of felony, we submit that the statutory provisions make it clear that it is not required in misdemeanor cases. (Messner v. People, 45 N. Y. 1; People v. Faber, 199 N. Y. 256; People v. Nesce, 201 N. Y. 111; Ball v. United States, 140 U. S. 118; Bishop New Crim. Pro. [2d ed.] § 1293; Code Crim. Pro. §§ 297, 356, 434, 473.)

CULLEN, Ch. J. The defendant, a boy eleven years old, was convicted in the Court of Special Sessions, Children's Part, of having stolen a pocket book from the person of one Sadie Klein, and sentenced to the House of Refuge. From an order of the Appellate Division, affirming such conviction, this appeal is taken.

Several objections are raised to the validity of this judgment. *First.* It is urged that there was no evidence before the court that the defendant was under the age of sixteen years, a condition necessary to give the court jurisdiction of his offense which—the larceny being from the person—would have been a felony if committed by an adult. (Penal Code, § 531; now Penal Law [Cons. Laws, ch. 40], § 1296.) But section 699 of the same Code (now Penal Law, §.2186) provided that a felony not capital or punishable by imprisonment for life when committed by a child under sixteen should be only a misdemeanor. There was no oral evidence as to the defendant's age, but he was present in the court in person, and it was provided by section 19 of the Penal Code (Penal Law, § 817) that the court or jury might determine the age of a child by personal inspection. This is the general rule prevailing in nearly all jurisdictions apart from any statutory provision on the subject. (1 Greenleaf's Evidence, § 14 L; 1 Wigmore on Ev. § 222, and see cases there cited.)

*Second.* It is next objected that the statute authorizing the prosecution of the defendant in the Special Sessions violated the constitutional provision (Art. 1, § 6) that no person shall be held to answer for a capital or otherwise infamous crime except on the presentation or indictment of the grand jury. Whatever the original view of the subject may have been, the present judgment is that within this and similar constitutional provisions, the character of the offense is determined by the nature of the punishment rather than by its supposed moral turpitude. (Ex Parte Wilson, 114 U. S. 417; People ex rel. Cosgriff v. Craig, 195 N. Y. 190, 23 N. Y. Crim. 46.) Even were moral turpitude still the test, the legislation before us could not be condemned because plainly the immature age of the offender might well be considered to diminish the extent of its moral transgression. The statute reduces all crimes committed by children under sixteen to the grade of misdemeanors,

and the punishment which the court has power to impose is only the same as that which may be inflicted for other misdemeanors.

*Third.* Nor are such juvenile offenders deprived of the constitutional right of trial by jury, for that right is limited by section 23 of article 6 of the Constitution, which expressly provides that Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as shall be prescribed by law. (People ex rel. Comaford v. Dutcher, 83 N. Y. 240.)

*Fourth.* The failure to ask the defendant whether he had any legal cause to show why judgment should not be pronounced against him, was not an error for which judgment should be reversed. This requirement, found in section 480 of the Code of Criminal Procedure, existed at common law in the cases of felony, and the failure to comply with it is fatal to the judgment. (Messner v. People, 45 N. Y. 1; People v. Faber, 199 id. 256, 25 N. Y. Crim. 87; People v. Nesce, 201 id. 111, 25 N. Y. Crim. 402.) Section 480, however general in terms, should not be considered as extending the rule to misdemeanors, for by section 473 punishment for a misdemeanor can be imposed in the defendant's absence, and of course if absent he could not be called upon to state a cause why judgment should not be pronounced against him.

The appeal book in this case discloses a carelessness in keeping the minutes of the Court of Special Sessions which calls for comment, to the end that the justices of that tribunal may institute a reform in that respect. The affidavit of the complainant charged the defendant with the crime of grand larceny without specifying any degree of that crime. The minutes of the judgment appear in the appeal book as follows:

" Pleads; N. G. on June 3rd.
Trial, June 3 and guilty.
Sentence, House of Refuge."

Symbols of this ambiguous character are not appropriate to the minutes of a court of justice dealing with personal liberty.   In stating the plea there is no occasion for the use of any abbreviation at all.   Furthermore, it is to be observed that the defendant appears to have been adjudged guilty of grand larceny in the second degree.   This should have been distinctly specified in the minutes of judgment.

The judgment of conviction should be affirmed.

WILLARD BARTLETT, HISCOCK, CHASE, CUDDEBACK and HOGAN, JJ., concur; MILLER J., not sitting.

Judgment of conviction affirmed.