# THE PEOPLE v. GENARO VICUNO.

HOMICIDE—INFANT UNDER SIXTEEN *—PENAL LAW § 2186.
    Luciano Rago nine years of age was knocked down and kicked
    by defendant a boy of twelve years of age in a school yard. Rago
    died six months later of tubercular peritonitis, *Held* that defendant
    was not guilty of Homicide.

*James C. Cropsey, District Attorney* and *Harry G. Anderson, Assistant District Attorney* of Kings County for the People.

*Ben W. Slote, Esq.,* for the defendant.

RUSSELL, Ch. J.:

The defendant is charged with homicide. This offence, not being murder in the first degree, and defendant being under sixteen years of age, is justifiable in this Court.

A felony, not capital or punished by imprisonment for life, when committed by a child under sixteen, is only a misdemeanor. (Penal Law § 817, 2186).

The statute (Penal Law § 2186), authorizing the prosecution, without indictment, and in the Court of Special Sessions, of a child under sixteen years of age for crime, is not a violation of the Constitution of the State. (Art. 1, § 6) Nor is the constitutional right of trial by jury violated by this statute; for the Constitution expressly provides that Courts of Special Sessions shall have such jurisdiction of offences of the grade

---

* See Note, Criminal Liability of Children, 30 N. Y. Crim. 259.

of misdemeanors as may be prescribed by law. (Art. 6, § 23; People v. Kaminsky, 208 N. Y., 389.)

The testimony adduced by the People tends to prove that Luciano Rago, an infant of nine years of age, was knocked down and kicked by the defendant, a boy of twelve years of age, in the yard of a school-house in Brooklyn, where both of said children were in attendance as pupils, on the 19th day of January, 1914. The testimony further shows that the boy Luciano Rago, the victim of this violence, died on the 13th day of July, 1914, never having recovered. The case, therefore, becomes in the highest degree important, as involving the supreme right of humanity to life itself.

Expert testimony, taken at the coroner's inquest and coming from reputable physicians, is to the point that the boy Luciano Rago died of tubercular peritonitis fully six months after the acts of violence complained of. It was further established by medical experts that tubercular peritonitis is a germ-disease, and that the same could not be communicated by a blow from the hand or foot of the aggressor. At most the vitality of a child, suffering from such a disease and doomed to death under ordinary circumstances, might be reduced by acts similar to those complained of and the end might be hastened thereby.

This present inquiry is limited to those features of the case that are involved in the charge of homicide now pending against the defendant.

Defendant used no weapon or missile but employed his hands and feet only in the attack that was made upon the boy Luciano. The scene of the violence was an open court-yard or playground at the site of a public school; and the hour was ten o'clock in the morning when hundreds of children were assembled at the usual and appointed place of public instruction.

The defendant, however culpable under other charges, cannot

be held to have contemplated the death of his victim, as the usual, natural or probable consequence of such violence as was here inflicted. Nor does the testimony show the presence of any motive to effect the death of this little school-boy.

Another question of paramount interest presented to the Court is whether the child Luciano Rago died as the result of violence administered by the defendant. This cannot be said to have been proved beyond a reasonable doubt in view of his long survival and in view of the fact that the specific disease that carried the boy off was tubercular peritonitis.

Defendant is acquitted of the charge of homicide.