THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NORMAN G. BELLINGER, Appellant.

(Argued November 26, 1935; decided December 10, 1935.)

*Jules C. Randal* for appellant. The City Court of Buffalo had no jurisdiction to hear and determine the alleged offense charged in the information. (N. Y. Const. art. 1, § 2; *People* v. *Cosmo,* 205 N. Y. 91; *Colon* v. *Lisk,* 153 N. Y. 188; *People* v. *Special Sessions,* 74 N. Y. 406; *Wynehamer* v. *People,* 13 N. Y. 378; *People* v. *Kaminsky,* 208 N. Y. 395; *People ex rel. Cosgriff* v. *Craig,* 195 N. Y. 190; *Matter of Cooley* v. *Wilder,* 234 App. Div. 256; *People* v. *Grogan,* 260 N. Y. 138; *People ex rel. Battista* v. *Christian,* 249 N. Y. 314; *Cancemi* v. *People,* 18 N. Y. 128.) A failure to comply with subdivision 3 of section 359-e of the General Business Law (Cons. Laws, ch. 20) does not constitute a crime. (*Dunham* v. *Ottinger,* 243 N. Y. 423; *People* v. *Federated Radio Corp.,* 244 N. Y. 33; *People* v. *Grogan,* 260 N. Y. 138; *People* v. *Briggs,* 193 N. Y. 457; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81; *People* v. *Phyfe,* 136 N. Y. 554; *People* v. *Shakun,* 251 N. Y. 107; *People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301; *People* v. *Ahearn,* 196 N. Y. 221; *Morton* v. *Horton,* 189 N. Y. 398; *Matter of Cheesman,* 236 N. Y. 47.)

*John J. Bennett, Jr., Attorney-General* (*Caleb Candee Brown, Jr.,* and *Charles J. Kennedy* of counsel), for respondent. The failure to file a supplemental dealer's statement in accordance with the provisions of subdivision 3 of section 359-e of the General Business Law constitutes a crime. (*People* v. *Federated Radio Corp.,* 244 N. Y. 33.) The City Court of Buffalo had jurisdiction of the crime charged. (*People ex rel. Frank* v. *McCann,* 253 N. Y. 221; *People ex rel. Murray* v. *Justices,* 74 N. Y. 406; *People ex rel. Comaford* v. *Dutcher,* 83 N. Y. 240; *People* v. *Kaminsky,* 208 N. Y. 395; *People* v. *Best,* 266 N. Y. 456; *People ex rel. Kipnis* v. *McCann,* 199 App. Div. 30;

234 N. Y. 502; *People ex rel. White* v. *Commissioner*, 198 App. Div. 384.)

CRANE, Ch. J.   The defendant was tried in the City Court of Buffalo on the charge of violating section 359-e, subdivision 3, of the General Business Law (Cons. Laws, ch. 20), in that, being a dealer in securities, he failed to file a supplemental dealer's statement with the Department of Law, as provided for therein.   On appeal to the County Court of Erie county the judgment of conviction was affirmed, the appeal to this court being allowed by a justice of the Appellate Division, fourth department.

The jurisdiction of the City Court of Buffalo to try this offense has been challenged on the ground that while the charge is designated in the information as a misdemeanor, in reality it is a felony, to be prosecuted by indictment and tried by a jury of twelve jurymen.

The section of the General Business Law referred to provides that in the event that after any dealer shall have filed a dealer's statement, under the provisions of subdivision 2 of this section, any change shall take place in the personnel of the partners, such dealer shall not sell or offer for sale to the public within this State any securities unless and until a statement, to be known as the supplemental dealer's statement, shall have been filed with the Department of Law setting forth required details.

The information in this case alleges that the defendant, being a dealer in securities, failed to file such supplemental dealer's statement after there had been a change in the partnership, and the evidence shows that securities were sold by him in apparent violation of the statute. When we notice that these dealer's statements may be mailed to the Department of Law in Albany we would naturally expect that the penalty attached to absence of any such paper from the files in the law offices would be moderate at least.   The sweeping provision of section 359-g dealing with violations and penalties is said to

cover this failure to file the supplemental dealer's statement or the want of such a statement from the files. This provision reads, "Any person, * * * violating any of the provisions of this article shall be guilty of a misdemeanor punishable by a fine of not more than five thousand dollars, or imprisonment for not more than two years or both."

In our judgment this penalty removes such offenses from the class of crimes known as misdemeanors and makes of them felonies to be prosecuted as other infamous crimes by indictment and trial by a constitutional jury.

First let us turn to the Penal Law and the Code of Criminal Procedure to see what the judge may do in imposing sentence for such violations. The place of imprisonment for two years is not designated in this section of the General Business Law, but it finds designation in the Penal Law. Section 2192 reads:

" § 2192. Sentence where punishment prescribed is imprisonment for not more than a specified time.

" When a crime is declared by any of the provisions of this chapter to be punishable by imprisonment for not more than a specified number of years, the court authorized to pronounce judgment upon conviction may, in its discretion, sentence the offender to imprisonment for any time less than that prescribed by the provisions of this chapter."

Section 2183 contains the following provision: " Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term exceeding one year, or is sentenced to imprisonment for such a term, the imprisonment must be inflicted by confinement at hard labor in a state prison."

Section 2182: " Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term of one year, he may be sentenced to, and the imprisonment may be inflicted by, confinement either in a county jail, or in a penitentiary or state prison."

But this is not all that the sentencing judge *may* do. By section 484 of the Code of Criminal Procedure, the judge, in imposing the fine of five thousand dollars, may direct that the defendant be imprisoned until the fine be satisfied, " specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine."

The City Court of Buffalo, acting as a Court of Special Sessions, empowered to try misdemeanors, may sentence the defendant for failure to mail a supplemental dealer's statement to State's prison for two years and fine him five thousand dollars, directing that he be kept in prison one day for every one dollar of the fine unpaid. Of course no court would ever impose such an outrageous penalty for so slight an offense, but we are dealing here with a question of power and penalties in order to determine the grade, or class of crime to which different procedure and methods of trial apply. (*People* v. *Lyon*, 99 N. Y. 210.) The fundamental distinction between felonies and misdemeanors rests with the penalty and the power of imprisonment. Section 2 of the Penal Law describes a felony as a crime punishable in a State prison, and a misdemeanor as any other crime.

It may be said, and quite properly, that the Penal Law is an act of the Legislature which may be changed and modified by that body, and that the General Business Law, in section 359-g has made this change, so that a misdemeanor may be punished, when it involves the violation of the General Business Law, by imprisonment in State prison at hard labor for more than a year. The difficulty with any such suggestion is that the Constitution steps in and prevents the Legislature from enacting such a law.

Article I, section 6, of the State Constitution provides: " No person shall be held to answer for a capital or otherwise infamous crime   *   *   *,   unless on presentment or indictment of a grand jury." Section 2 of the same article insures that a trial by jury shall be had in all cases

in which it has been heretofore used. These provisions are similar to those of the Federal Constitution, which received interpretation upon the point in question in *Matter of Wilson* (114 U. S. 417). It was there stated: " For more than a century, imprisonment at hard labor in the State prison or penitentiary or other similar institution has been considered an infamous punishment in England and America " (p. 428.)

This court, in *People ex rel. Cosgriff* v. *Craig* (195 N. Y. 190, at p. 196), said through CULLEN, Ch. J.: " It seems to me clear that the legislature could not make an offense punishable by imprisonment for ten years or for life and confer power on the Special Sessions to try it simply because it chose to call the act a misdemeanor and to enact that the imprisonment should be in a county jail or penitentiary instead of state prison." How much less could the Legislature do this when it provides that the so-called misdemeanor may be punished by imprisonment in the State prison. Chief Judge CULLEN further said: "At the time of the adoption of this constitutional provision [State Constitution] no misdemeanor that I can find in this state had been subject to punishment by imprisonment for a greater term than one year, with these exceptions." The exceptions are unimportant here.

Also, in *People* v. *Kaminsky* (208 N. Y. 389, 394) this court again said: " Whatever the original view of the subject may have been, the present judgment is that within this and similar constitutional provisions, the character of the offense is determined by the nature of the punishment rather than by its supposed moral turpitude." (See, also, *Matter of Cooley* v. *Wilder*, 234 App. Div. 256, and *People* v. *Hughes*, 137 N. Y. 29.) The meaning of the words " infamous crime," which requires indictment by a grand jury and trial by a petty jury of twelve men, has been fairly well understood, during the years of our statehood, as evidenced by the distinctions between felonies and misdemeanors outlined by legislative enactment.

The difference between a felony and a misdemeanor is found in section 2 of the Penal Law, above stated, while section 1937 of that same law provides that a person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed, is punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than five hundred dollars, or by both. I do not find that the Legislature has ever attempted to make a misdemeanor punishable by imprisonment in a State prison, and, for only a short period, as stated in the *Cosgriff* case, has it attempted to extend the time in a penitentiary or a county jail beyond one year. On the contrary, when giving jurisdiction to Special Sessions to hear misdemeanors, the general provision has been a limitation of imprisonment to six months, or a fine of fifty dollars. (Code Crim. Proc. § 717.) We are justified, therefore, on authority as well as long-continued usage and practice, in determining that the provisions of the Constitution requiring indictment by a grand jury and a trial by a petty jury relate to those crimes where the punishment may be in State's prison or for a longer term than one year in any prison.

The constitutional provision giving a party the right to a trial by jury does not apply to petty offenses tried before a Court of Special Sessions. (*People ex rel. Murray* v. *Justices*, 74 N. Y. 406; *People ex rel. Comaford* v. *Dutcher*, 83 N. Y. 240.) Petty offenses, however, have a well-defined meaning, classified as such by the penalties attached to them. They cease to be petty when the imprisonment is in State's prison, possibly at hard labor, or in any prison for a longer term than one year. There may be a possible exception to this term of one year in a penitentiary in the application of section 4 of chapter 579 of the Laws of 1915 relating to an indeterminate sentence which is of a correctional nature. (*People ex rel. Kipnis* v. *McCann*, 234 N. Y. 502; *People ex rel.*

*Brewer* v. *Levy,* 267 N. Y. 596; *People ex rel. St. Clair* v. *Davis,* 143 App. Div. 579.)

The objection was taken in the early part of this case to the jurisdiction of the court by a demand made for a trial by a jury of twelve men. Even if no such objection had been made the consent of counsel or of the defendant could not confer jurisdiction upon the court. (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314.)

For the reasons here stated the judgments should be reversed, and the information dismissed.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.