THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* AUGUSTINO PISANO, Defendant.

County Court, Kings County, October 26, 1943.

*Thomas Cradock Hughes, Acting District Attorney (Henry J. F. Davey* of counsel), for plaintiff.

*Benjamin Glass* for defendant.

TAYLOR, J. The defendant pleaded guilty to attempted rape, second degree, and was sentenced to from two and one-half to five years in the State prison.

At the time of accepting the plea the question of the applicability of the second offender statute (Penal Law, § 1941) was discussed between the court and counsel, and the court stated as its opinion that the statute was inapplicable, notwithstanding that the defendant had a previous conviction for felony. In accepting the plea the court made the following notation on its calendar, " No agreement as to punishment but attempted felony does not come under sec. 1941 or 1942 ". Thereafter the defendant was arraigned under section 1943 of the Penal Law, as a prior felony offender, and admitted that he was the person previously convicted of another felony. Objection to resentence was then raised upon the ground that the present conviction was not for a crime but for merely an unsuccessful attempt to commit a crime, and that therefore second-felony-offender punishment could not be imposed.

Section 1941 provides that one previously convicted of felony or attempt to commit felony shall, upon conviction for another felony, receive additionally specified punishment. On the face of the statute a distinction is made between felony and attempted felony. Although the record of prior conviction is sufficient, if it be for either felony or attempted felony, the new conviction must be for felony (attempted felony not specified) in order to warrant the additional punishment, according to the wording of the statute.

Section 2 of the Penal Law defines an attempt to be " An act, done with intent to commit a crime, and tending but failing to effect its commission ".

Stopping at this point it would seem fairly clear that an unsuccessful attempt to commit a crime is not a crime, but is simply an unnamed offense punishable in the same manner as a crime. That is what the court had in mind in discussing and accepting the plea and in thereafter administering maximum first-felony-offender punishment.

The case of *People* v. *Hendricks* (262 App. Div. 793) is inapplicable because the point there raised was that the prior conviction, not the present conviction, was for attempt only. The statute includes prior convictions for attempts.

The cases of *People* v. *Lyon* (99 N. Y. 210), *People* v. *Van Steenburgh* (1 Park. Cr. Cas. 39), *People ex rel. Cosgriff* v. *Craig* (195 N. Y. 190), *People* v. *Hughes* (137 N. Y. 29), *People* v. *Bellinger* (269 N. Y. 265), and *People* v. *Kaminsky* (208

N. Y. 389) are likewise inapplicable. They control only on the question as to whether or not a conviction for crime shall be classed as misdemeanor or felony. They do not decide on the applicability of the term " crime " to mere unsuccessful attempts.

Nevertheless " crime " is defined by section 2 of the Penal Law as " an act or omission forbidden by law, and punishable upon conviction by * * * imprisonment ", etc. Inasmuch as unsuccessful criminal attempts are forbidden by law and are punishable by imprisonment, the last statute appears to be applicable to the case at bar, and, notwithstanding the confusion and apparent conflict of the several sections above mentioned, clears up the point. Under another statute the punishment is specified, and that being, in this case, imprisonment in a State prison [Penal Law, §§ 261, 2010, 2183], gives to the crime the quality of felony. All of these statutes have to be reconciled.

Were the court still in doubt on this point it would feel constrained to deny resentence, because of its expression of contrary opinion during the discussion preliminary to plea. But on due deliberation the court is fully persuaded that its first opinion was erroneous.

The defendant will be arraigned for sentence as a second felony offender. Should he desire to withdraw his plea because of the circumstances attending its offer and acceptance the court will grant such application if legally permissible. If the defendant accepts second offender sentence, he has the right to challenge its legality by writ or appeal in the proper tribunal.