THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ISRAEL MÉNDEZ DEYNES, Defendant and Appellant.

No. 11214. Argued February 5, 1946.—Decided February 14, 1946.

José Veray, Jr., for appellant. E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General, and J. Rivera Barreras, -for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Section 177, Penal Code, 1937 ed., provides that "Any person who shall give or offer to give, directly or indirectly, any money . . . to any elector to influence his vote or to induce him to vote or not to vote at any election for public office held in Puerto Rico . . . shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than twenty-five dollars and not more than one hundred dollars, and imprisonment in jail not less than ten days nor more than six months, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period not less than ten years, or imprisoned in the penitentiary not less than one year nor more than five years, and disfranchised and rendered incapable of holding any office of profit or trust for the period aforesaid."

The defendant was charged in the municipal court of San Sebastián with a violation of § 177. After conviction he appealed to the District Court of Aguadilla, where he was given a trial de novo, convicted and sentenced to pay a fine of twenty-five dollars and to serve ten days in jail. The sentence also provided that he was disfranchised and rendered incapable of holding any office of trust or profit for a period not less than ten years.

662

On appeal to this court, the defendant alleges that the municipal court had no jurisdiction to try him for an alleged violation of § 177, and that consequently the district court had no jurisdiction over the appeal therefrom.

■■ Section 4 of the Act of March 10, 1904, provides that municipal judges ". . shall have jurisdiction in all criminal cases except felonies. . ." The defendant argues that the offense herein was a felony, and hence not triable in the municipal court, since it is a crime which in the discretion of the court is punishable under § 177 by imprisonment in the penitentiary. Section 14, Penal Code.[1]

The *Fiscal* contends that by virtue of § 14 an offense prosecuted under § 177 may be either a felony or misdemeanor, and that the accurate designation thereof cannot be ascertained until after judgment: if imprisonment in the penitentiary is imposed, the case is characterized as a felony; otherwise, it is a misdemeanor. He adds that when a case for violation of § 177 is filed in the municipal court the label of misdemeanor is thereby irretrievably affixed to the case since, according to the *Fiscal,* the municipal court cannot sentence a defendant to imprisonment in the penitentiary.

To agree with this theory of the *Fiscal* would require us to hold that the Legislature intended that the *jurisdiction* of a court should depend retroactively on what the situation is *after judgment.* We need not pass on this question as there is a simple answer to this case.

Section 177 calls the offense herein a misdemeanor. Consequently, the general distinction embodied in § 14 between a felony and a misdemeanor, does not apply here. The Legislature has chosen in this special case to provide, as it had

---

[1] Section 14 reads as follows:

"A felony is a crime which is punishable with death, or by imprisonment in the penitentiary. Every other crime is a misdemeanor. When a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in jail, [it shall be deemed a misdemeanor] for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary." (Matter in brackets omitted by inadvertence in English version).

every right to do, that despite the fact that imprisonment in the penitentiary might be imposed therein, violation of § 177 was a misdemeanor. And since the municipal court has jurisdiction in all criminal cases except felonies, unless a special statute provides otherwise, this particular case was properly tried in the first instance in the municipal court. Cf. *The People* v. *Adorno,* 17 P.R.R. 1059; *Carroll* v. *United States,* 267 U. S. 132, 158; *Dutton* v. *State,* 91 A. 417 (Md. 1914).[2]

The defendant also alleges that the district court erred in weighing the evidence, which he claims was insufficient to support the conviction. The complaining witness testified to the offer on November 4, 1944 by the defendant to pay him five dollars if he would refrain from voting at the election which took place on November 7. As the district court believed this testimony, we are not at liberty to interfere with the judgment.

The judgment of the district court will be affirmed.

---

[2] *People* v. *Sacramento Butchers' Protective Ass'n,* 107 P. 712, 720 (Calif. 1910); *People* v. *Trimble,* 63 P.(2)° 1173 (Calif. 1936); *MacKinney* v. *Hamilton,* 10 N.Y.S.(2) 140, 13 N.Y.S.(2) 786, reversed on other grounds, 282 N.Y. 393 (1940); and *People* v. *Bellinger,* 199 N.E. 213 (N.Y. 1935), stand for the doctrine that under the circumstances therein the legislative label of misdemeanor is not controlling; but those cases are distinguishable because they involve different statutory and constitutional situations. See also, Annotation, 95 A.L.R. 1115, 1121–22.