John R. Starkey, J.
This is a motion to enjoin, restrain and prohibit the defendant from proceeding with the trial of his action in the Supreme Court by jury trial and to vacate, annul and set aside an order made by Judge Harry J. Donnelly of the Criminal Court on October 31, 1968, granting defendant a trial by jury and an order made by Judge John F. Furey of the Criminal Court, transferring the trial of this action to Criminal Term, Part II of this court for a trial by jury.
The defendant, by his reply, clearly relies upon Duncan v. Louisiana (391 U. S. 145), which, in effect held that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases, which, were they to be tried in a Federal court, would come within the Sixth Amendment guarantee.
The evident purpose of the act, creating the New York City Court of Special .Sessions (predecessor of the Criminal Court of the City of New York), was to “ relieve the higher courts from the burden of trying trivial offenses, and to leave this class of cases to local magistrates in the vicinity where the offense was committed ” (People ex rel. Comaford v. Dutcher, 83 N. Y. 240, 244) and that the constitutional provision giving a party a right of trial by jury does not apply to the petty offenses triable before a Court of Special Sessions. (People ex rel. Murray v. Justices, 74 N. Y. 406.) This doctrine has been extended by our Court of Appeals in People v. Bellinger (269 N. Y. 265, 271) wherein the court stated that “ the constitutional provision giving a party the right to a trial by jury does not apply to petty offenses tried before a Court of Special Sessions. ’ ’ The sole question presented is the constitutionality of section 40 of the New York City Criminal Court Act, which expressly precludes the convening of a jury in misdemeanor cases, in view of Duncan v. Louisiana. I find the section to be constitutional.
In Duncan v. Louisiana (p. 156) the court said: “ The deep commitment of the Nation to the right of a jury trial in serious criminal cases as a defense against arbitrary law enforcement qualifies for protection under the Due Process Clause of the Fourteenth Amendment, and must therefore be respected by the States.” The question then appears to be — what is a serious criminal case? In Duncan the court further says (pp. *599 161-162): “ We need not, however, settle in this case the exact location of the line between petty offenses and serious crimes. It is sufficient for our purposes to hold that a crime punishable by two years in prison is, based on past and contemporary standards in this country, a serious crime and not a petty offense.”
It therefore follows that some misdemeanors may be tried without a jury. In New York a misdemeanor is defined in subdivision 4 of section 10.00 of the Penal Law as an offense, other than a traffic violation, for which a sentence of more than 15 days and not in excess of one year may be imposed. I believe this maximum is constitutionally permissible.
In People v. Bellinger (269 N. Y. 265) our Court of Appeals said that the constitutional provision requiring indictment by a G-rand Jury and a trial by a petit jury relates to those crimes where the punishment may be confinement in State prison for a term in excess of one year. This constitutional provision does not apply to petty offenses tried before a Court of Special Sessions.
It must be noted that in the year 1967 the Criminal Court of the City of New York had over 127,000 arraignments for misdemeanors other than traffic court matters. While it is true that the question of a constitutional right cannot be judged on the basis of a crowded court calendar, overtaxed facilities, etc., as so graphically described in People v. Moses (57 Misc 2d 960, 969-971), however, in Duncan v. Louisiana the court said (p. 160): “ So-called petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment’s jury trial provisions. There is no substantial evidence that the Framers intended to depart from this established common-law practice, and the possible consequences to defendants from convictions for petty offenses have been thought insufficient to outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications. These same considerations compel the same result under the Fourteenth Amendment.”
To decide otherwise would create chaos in a city such as ours. The basic reason for denying jury trials was to dispose of the various types of petty offenses which were to be tried quickly so as to protect the innocent who might have to wait for a trial for a period longer than the possible sentence which the petty crime carried.
*600 Therefore, in a city such as New York the method prescribed by what is now section 40 of the New York City Criminal Court Act has been upheld. However, our forefathers in their wisdom in cases involving petty crimes which were to be tried without a jury established the three-man Bench rather than a summary trial before one Judge. This combines many of the benefits of efficient law enforcement, speedy and inexpensive nonjury adjudications with some of the benefits of a jury trial. As stated in Standards Relating to Trial by Jury by the American Bar Association (p. 22): “ There will be an opportunity and necessity for a group judgment; there is not the risk of coming before a single judge with a fixed point of view with respect to certain kinds of cases; and it may be that a multi-judge court would be less reluctant than a single judge to act in mitigation.”
The court is aware of the holding in People v. Bowman (Rosenberg, J., Criminal Court, N. Y. County, N. Y. L. J., Sept. 11, 1968, p. 16, col. 4) which was upheld by Streit, J. (sub nom. Matter of Hogan v. Rosenberg, 58 Misc 2d 585) in an article 78 proceeding to enjoin Judge Rosenberg. However, it is to be noted that Justice Streit at page 592 of his decision said: “ Inasmuch as New York only dispenses with jury trials in misdemeanor offenses which were not indictable offenses at common law this court is in full accord with the position advocated by petitioner-intervenor that offenses punishable by incarceration of no more than one year are not ‘ serious ’ crimes requiring a trial by jury.”
The court is also aware of People v. Maidment (N. Y. L. J., Oct. 1, 1968, p. 16, col. 4 [Sup. Ct., Bronx County, Markewich, J.]), People v. McConner (N. Y. L. J., Dec. 11,1968, p. 16, col. 8 [App. Term, 2d Jud. Dist.]) and People v. Porter (N. Y. L. J., Dec. 27,1968, p. 17, col. 5 [Sup. Ct., Bronx County, Brust, J.]) with which decisions this court concurs.
In conclusion this court will not declare unconstitutional section 40 of the New York Criminal Court Act which has consistently been held to be constitutional by our Court of Appeals. If this is to be done it should be done by the Court of Appeals, as it stated in Bourjois Sales Corp. v. Dorfman (273 N. Y. 167, 170): ‘ ‘ The justice was quite right as it is our duty to determine what we shall do with our former decision in the light of the more recent case.” (See, also, People v. Reed, 276 N. Y. 5.)
Accordingly, the motion is granted and the order of Judge Donnehly is vacated and set aside.