**UNITED STATES of America ex rel. George FARMER, Petitioner-Appellant,**

v.

**A. KOSAN, Warden, Respondent-Appellee.**

**No. 633, Docket 35442.**

United States Court of Appeals, Second Circuit.

Argued March 17, 1971.

Decided April 9, 1971.

Thomas F. Daly, New York City (Franklin B. Velie, New York City, of counsel), for petitioner-appellant.

Lewis R. Friedman, Asst. Dist. Atty. (Frank S. Hogan, Dist. Atty., New York County, Michael R. Juviler, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Inzer B. Wyatt, Judge, dismissing, without a hearing, a petition for a writ of habeas corpus.

The appellant, George Farmer, was arrested together with two other men on February 24, 1970 and charged with attempted grand larceny, possession of burglar's tools, and resisting arrest. Subsequently, on motion of the state, the felony charges against the appellant were reduced to misdemeanors. The appellant was tried before a three judge panel of the New York City Criminal Court which has jurisdiction to try all misdemeanors committed in New York City, was found guilty of resisting arrest, possession of burglar's tools, and attempted petit larceny, and was sentenced to concurrent sentences totaling one year. Prior to his trial, appellant had made a timely request for a trial by jury which was denied in that the New York City Criminal Court was, at that time, not authorized to conduct jury trials. The sole issue raised on this appeal is whether it was a violation of the Sixth and Fourteenth Amendments to deny a defendant charged with crimes

* Chief Judge, United States District Court for the District of Connecticut, sitting by designation.

carrying a maximum penalty of one year the right to a jury trial.

In 1968 the Supreme Court decided for the first time in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, that the Sixth Amendment right to a jury trial was applicable to the states. The Court there held that in all but "petty" offenses, due process required that a defendant be extended the right to trial by jury. The Court in *Duncan* left open, however, the precise delineation of what was to be considered a "petty" offense.

> We need not, however, settle in this case the exact location of the line between petty offenses and serious crimes. It is sufficient for our purposes to hold that a crime punishable by two years in prison is, based on past and contemporary standards in this country, a serious crime and not a petty offense. 391 U.S. at 161–162, 88 S.Ct. at 1454.

In DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968), the Court ruled that *Duncan* would be given prospective effect only.

In spite of what were some rather pointed suggestions by the Court in *Duncan* that the proper place to draw the line between petty offenses and serious crimes would be where the possible sentence exceeded six months (as in the federal system), New York continued to consider all misdemeanors to be included within the category of "petty" offenses and to carry no right to a jury trial. Two years later in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Court laid down the specific rule that any charge carrying a possible sentence in excess of six months was subject to the Sixth Amendment's jury trial provision.

The first question to be considered then is whether under *Duncan* the courts of New York were required to grant the appellant a jury trial. The answer rather clearly seems to be no. While it is true that there is language in *Duncan* which suggests that six months would be the appropriate dividing line, the Court, as noted above, went out of its way to point out that it was not deciding this question. Moreover, there is language in *Baldwin* which seems to indicate that the Court felt that it was promulgating a new rule rather than simply elaborating on *Duncan*.

> In Duncan v. Louisiana * * * we held that the Sixth Amendment, as applied to the States through the Fourteenth, requires that defendants accused of serious crimes be afforded the right to trial by jury. We also reaffirmed the long-established view that so-called petty offenses may be tried without a jury. Thus the task before us in this case is the essential if not wholly satisfactory one, see *Duncan* at 161, 88 S.Ct. 1444, of determining the line between "petty" and "serious" for purposes of the Sixth Amendment right to jury trial. 399 U.S. at 67, 90 S.Ct. at 1887.

■ Finding, therefore, that the New York courts were not required under *Duncan* to grant appellant a jury trial, the next question becomes whether *Baldwin* should be applied retroactively.

■ In *DeStefano* the Court examined the three criteria as to retroactivity set forth in Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed. 2d 1199, namely (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards, and concluded that all three factors favored prospective application of *Duncan*. All persons tried in the New York City Criminal Court since the date of the *Baldwin* decision, June 22, 1970, who were charged with an offense carrying a maximum penalty of six months to one year and who requested a jury trial have been granted one. Therefore few, if any, persons would

actually be released from prison should *Baldwin* be applied retroactively. The persons who would be affected would be those convicted of misdemeanors where punishment could have been more than six months and less than one year and who demanded and were refused a trial by jury after May 20, 1968 and before June 22, 1970.

On the other hand, as Judge Wyatt pointed out below, many lawyers and judicial officials in New York believed in what we can only presume to be good faith that misdemeanors could be classified as petty offenses within the meaning of *Duncan*.

Whether Baldwin v. New York established new law, different from that before, is debatable. It can be argued that *Baldwin* merely declares what had already been the law, at least after Duncan v. Louisiana. It is more likely, however, that the Supreme Court would feel that new standards were established in *Baldwin*. Many able judges in New York believed that, despite the decision in Duncan v. Louisiana, offenses punishable by not more than one year in prison could constitutionally be tried without a jury. Such was held by the New York Court of Appeals in *Baldwin* itself. There were similar decisions in lower courts, collected in People v. Petterson, 58 Misc.2d 597, 296 N.Y.S.2d 511 (1969).

■ Finally and most importantly, as the state points out, these convictions do entail substantial collateral effects, most notably under statutes providing for increased penalties for individuals having prior convictions. The possibility of collateral attacks by large numbers of persons convicted without a jury trial would pose an administrative burden on the criminal courts in New York City already dangerously close to total collapse, as this court is well aware, such as to persuade us that justice would not be served by holding *Baldwin* retroactive.

The order of the district court denying the writ is affirmed.