Bernard F. McCaffrey, J.
In this special proceeding to prohibit- the Village Justice of Muttontown from conducting the trial of petitioners before himself without a jury, judgment is granted respondent dismissing the petition.
The CPL 10.10 defines a “ Village court ” as a “ Local criminal court ” and CPL 340.40 (subd. 1), except for certain exceptions not applicable to the violations of zoning ordinance charged here, provides that a trial of an information in a local criminal court must be a “ single judge trial. ’ ’
As early as 1895, the Court of Appeals had held that, under the Code of Criminal Procedure, the defendant in prosecutions for violations of a village ordinance before Police Justices was not entitled to trial by jury. (People v. Van Houten, 13 Misc. 603, affd. 91 Hun 638, opn. in 36 N. Y. S. 1130.) More recently, the United States Supreme Court has held that a defendant in a prosecution for a “ serious offense ” is entitled to a jury trial under the Sixth and Fourteenth Amendments. (Duncan v. Louisiana, 391 U. S. 145 [1968].) The term “ serious offense ” was then defined as any offense carrying a possible prison sen- *80 fence of more than six months. (Baldwin v. New York, 399 U. S. 66 [1970].) Under Baldwin, a defendant charged with a misdemeanor with possible sentence of more than six months in jail would have a constitutional right to trial by jury. Unchanged was the procedure for prosecution of violations, for a “violation ’ ’ by definition ‘‘ means an offense, other than a ‘ traffic infraction ’, for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed.” (Penal Law, § 10.00, subds. 1, 3).
Subsequent decisions have held that the recent Supreme Court decisions have not altered the practice for prosecution of violations. (People v. L. A. Witherill, Inc., 29 N Y 2d 446; People v. Cooks of New York, 65 Misc 2d 790.) Both of these cases also noted that it was the length of the possible incarceration and not the amount of a potential fine that was determinative.
The constitutional provision giving a party a right to a trial by jury does not apply to those crimes classified as less than a misdemeanor. (See People v. Petterson, 58 Misc 2d 597.)
Although it may be true that petitioners, by failing to pay any fine imposed, might be subject to imprisonment, they are only subject to imprisonment upon such a contingency and then only if they fail to pay the fine and they possess the financial capability to do so.
There is no showing that petitioners are indigent and their constitutional rights will be violated.