OPINION OF THE COURT
David Otis Fuller, Jr., J.
On August 4, 1987, the Village of Tuckahoe issued a summons to Dewey and Carletta Musante for housing more than two families in their home on Yonkers Avenue in Tuckahoe in alleged violation of section 4-3.1.2 of the Tuckahoe Zoning Code (1960). The defendants, asserting that they are entitled to have more than two families by virtue of a nonconforming use under the previous Zoning Code of 1930, have pleaded not guilty and demanded a trial by jury. Tuckahoe opposes the Musantes’ demand, contending that under the Tuckahoe Code, zoning violations constitute disorderly conduct, an offense not accorded a jury trial under the Criminal Procedure Law.
The Criminal Procedure Law is the guide to whether a local criminal court must grant a jury trial to a defendant. Section 340.40 (2) provides that (outside New York City) a defendant charged with a misdemeanor must be accorded a jury trial. The question raised by the defendants’ demand is whether the *301 violation of a village zoning ordinance is a misdemeanor. If it is, they are entitled to a jury trial. If not, they must be tried by a single Judge. (CPL 340.40 [1].)
Under the Tuckahoe Zoning Code, a zoning offense is not assigned a specific penalty and is thus deemed "disorderly conduct” punishable "by a fine not exceeding two hundred fifty dollars ($250.00) and/or imprisonment consistent with the applicable provisions of the Penal Law” (§ 1-7). Disorderly conduct under the Penal Law is classified as a violation. (§ 240.20.) Looking to the Tuckahoe Zoning Code and the Penal Law alone, the defendants are not entitled to a jury trial because they are charged with a violation, not a misdemeanor.
However, the defendants respond that under section 20-2006 (1-a) of the Village Law, a zoning ordinance is defined as a misdemeanor and that they are thus entitled to a jury trial. The subdivision provides as follows: “1-a. A violation of a zoning ordinance adopted prior to September first, nineteen hundred seventy-four is hereby declared to be an offense, punishable by a fine not exceeding three hundred fifty dollars or imprisonment for a period not to exceed six months, or both for conviction of a first offense; for conviction of a second offense both of which were committed within a period of five years, punishable by a fine of not less than three hundred fifty dollars nor more than seven hundred dollars or imprisonment for a period not to exceed six months, or both; and, upon conviction of a third or subsequent offense all of which were committed within a period of five years, punishable by a fine not less than seven hundred dollars nor more than one thousand dollars or imprisonment for a period not to exceed six months, or both. However, for the purpose of conferring jurisdiction upon courts and judicial officers generally, violations of such zoning ordinance shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to such violations. Each week’s continued violation shall constitute a separate additional violation.”
This subdivision, which went into effect on November 1, 1985, was intended to confer additional zoning enforcement power on the villages. (See, mem in Support of Legislation [L 1985, ch 488].) It is stated to be declarative of village law and, unlike section 20-2006 (1) of the Village Law, for instance, does not require local village action to be effective.
*302 What does this subdivision mean for a Tuckahoe zoning ordinance? It declares any zoning ordinance adopted prior to September 1, 1974 (Tuckahoe’s was adopted in 1960 and is thus covered) to be an offense punishable by a fine not exceeding $350 or imprisonment for a period not to exceed six months or both for conviction of a first offense. Because the period of imprisonment is in excess of 15 days but not over one year, the ordinance is an unclassified misdemeanor for purposes of Penal Law § 55.10 (2) (c). Moreover, the subdivision itself provides that for the purpose of conferring jurisdiction upon courts and judicial officers, violations of a zoning ordinance are misdemeanors. Because the defendants are being charged with a misdemeanor, then, they are entitled to a jury trial.
The plaintiff, however, has cited case authority for the proposition that zoning violations do not warrant jury trials. Friscia v Crowe (71 Misc 2d 79 [Sup Ct, Nassau County 1972]) and People v Wayman (82 Misc 2d 959 [Town Ct, Orange County 1975]) both antedate the amendment to the Village Law raising the offense to a misdemeanor and are thus not inconsistent with this opinion. People v Fells (133 Misc 2d 341 [Town Ct, Dutchess County 1986]) relies on that court’s prior opinion in People v Bonnerwith (69 Misc 2d 516 [Town Ct, Dutchess County 1972]). In Bonnerwith, the court was particularly concerned with the provision in Penal Law § 55.10 (3) (b) where an offense authorizing imprisonment in excess of 15 days could nonetheless be considered simply a violation if it was enacted prior to the effective date of the Penal Law (Sept. 1, 1967) and was not a crime before that date. Here the amendment was added after 1967 and actually designated the zoning ordinance a misdemeanor for judicial purposes. To the extent, however, that People v Fells holds that potential imprisonment of over 15 days for violation of a zoning ordinance does not require a jury trial under the Criminal Procedure Law, this court respectfully declines to follow it.
For the reasons stated, the defendants’ demand for a jury trial is sustained.