STATE OF NEW JERSEY, v. HENRY L. JOSSELYN, III,
A/K/A HENRY LEROY JOSSELYN, III, DEFENDANT.

Monmouth County Court
Law Division (Criminal)

March 21, 1977.

*Mr. Robert N. Sullivan* for defendant.

*Mr. Charles Uliano,* Assistant Prosecutor, for the State (*Mr. James M. Coleman, Jr.,* Monmouth County Prosecutor, attorney).

AIKINS, J. S. C., Temporarily Assigned. This matter comes before the court by way of a petition to expunge the record of a criminal conviction pursuant to *N. J. S. A.* 2A:164–28. The sole issue is whether a subsequent criminal conviction within ten years in another state constitutes a statutory bar to the entertaining of the application.

The record shows that in 1959 petitioner was convicted of petit larceny in Monmouth County, New Jersey, the record of which is sought to be expunged in this application. No other criminal convictions have been entered against petitioner in New Jersey. However, in 1964 a criminal conviction was entered against him in the Commonwealth of Virginia for obtaining telephone service by fraud. An examination of the exemplified record of conviction in the Virginia matter, coupled with the sentence of four years, demonstrates that the offense was at least equivalent to a misdemeanor under our statutes. See *N. J. S. A.* 2A:111–1 (obtaining money, property, etc., by false pretense).

For the purposes of this petition the pertinent portion of *N. J. S. A.* 2A:164–28 provides:

> In all cases wherein a *criminal conviction* has been entered against any person, and *no subsequent conviction* has been entered against such person, it shall be lawful after the lapse of 10 years from the date of such conviction or 10 years after the date such person com-

pleted his term of imprisonment or was released from parole, whichever is later, for the person so convicted to present a duly verified petition to the court wherein such conviction was entered, setting forth all the facts in the matter and praying for the relief provided for in this section. [Emphasis supplied]

It is the State's position that the court cannot entertain this petition in that the statutory reference to "no subsequent conviction" encompasses not only the absence of criminal convictions in this State, but the lack thereof in the sister states as well. See generally, *State v. Petti,* 142 *N. J. Super.* 283, 286 (App. Div. 1976).

Petitioner asserts that if the Legislature had intended the words "subsequent conviction" to include those of any other state, it would have so stated. See *N. J. S. A.* 24:21–27. He also urges that relief precluded on the basis of a subsequent out-of-state criminal conviction would not be in keeping with the periodic liberalization of this statute by amendments thereof in 1936 and 1975. These contentions are not meritorious.

The purpose of *N. J. S. A.* 2A:164–28 was clearly set forth in a statement accompanying the 1936 bill that amended the original statute enacted five years earlier. That statement reads in part:

The purpose of this act is to assist *only* those persons who have *one single conviction* against them, and from the time of the conviction and for a period of ten years thereafter have lived exemplary lives during that time and are able to show by their petition that they have made a complete moral change. [Emphasis supplied]

In addition, the original enactment of this expungement act and amendments thereto have always been directed to persons with "no subsequent conviction." This is "strong evidence" of legislative intent. *Deaney v. Linen Thread Co.,* 19 *N. J.* 578, 583 (1955).

If the court were to accept petitioner's position that for subsequent conviction purposes, only criminal convictions entered in this State should be considered, unreasonable results might follow. Such a reading would enable an in-

dividual with a single criminal conviction in this State, but whose record reveals subsequent judgments of conviction rendered against him within the ten-year period in every other jurisdiction of this nation, to petition the New Jersey courts to expunge the original record of conviction.

Statutory interpretations leading to an absurd or unreasonable result are to be avoided. *State v. Gill*, 47 *N. J.* 441, 444 (1966). Furthermore, a statute should not be construed as to some unexpressed intention but rather to carry out the legislative will as written. See *Hoffman v. Hock*, 8 *N. J.* 397, 409 (1952). Here the construction that "no subsequent conviction" includes the lack of criminal convictions entered in other jurisdictions leads to a reasonable conclusion.

*Severini v. Div. of Alcoholic Bev. Control*, 82 *N. J. Super.* 1 (App. Div. 1964), is also apposite. In *Severini* the court's determination centered about several sections of the intoxicating liquor laws, including *N. J. S. A.* 33:1–25 which states in part that "[n]o license of any class shall be issued * * * to any person who has been convicted of a crime involving moral turpitude." This statute, like *N. J. S. A.* 2A:164–28, is silent as to whether it includes only such crimes committed in this jurisdiction or in other jurisdictions as well. In holding that a conviction of a crime in the State of New York came within the statute, the court declared the statutory language to be "absolute" and the statute to "mean what it says." *Id.* at 7.

The petition is therefore dismissed with prejudice.