OPINION OF THE COURT
Bruce G. Dean, J.
By notice of motion returnable before the Special Term of this court on January 7, 1980, the defendant, Frank L. Dean, moved, pursuant to CPL 330.30, for dismissal of the jury verdict upon the grounds, inter alla, that defendant was denied due process of law and for prosecutorial misconduct. On November 29, 1979, defendant was convicted of driving *481 while intoxicated as a misdemeanor and operating a motor vehicle while under the influence of alcohol in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law. Defendant was tried for both misdemeanors in County Court under indictment after removal had been obtained as of right from a local Village Court under CPL 170.25 so that defendant could obtain a lawyer Judge in County Court.
Defendant first alleges that the judgment violates the CPL and the New York Constitution because he was tried by a jury of six persons, whereas article VI (§ 18, subd a) of the New York State Constitution states: "that crimes prosecuted by indictment shall be tried by a jury composed of twelve persons” (implemented by CPL 260.10). Hence, the issue becomes whether defendant’s right to a full and fair trial by jury has been abridged because he has been tried by 6 jurors rather than 12. For the reasons that follow, this court is of the opinion that all of defendant’s rights were protected by a jury of six.
The intent of article VI (§ 18, subd a), in mandating a 12-man jury must be read in conjunction with section 6 of article I of the New York Constitution which states in pertinent part: "No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury” (emphasis supplied).* It is well settled by case law in this State that the interpretation of the words "capital” and "infamous” crimes refers to crimes punishable for longer than one year, or crimes other than misdemeanors. (Matter of Corr v Clavin, 96 Misc 2d 185, 189; People v Bellinger, 269 NY 265; People v Kaminsky, 208 NY 389; People v Erickson, 302 NY 461; Matter of Hogan v Rosenberg, 24 NY2d 207; People v Manett, 154 App Div 540; People v Scherno, 140 App Div 95; People v Van Dusen, 56 Misc 2d 107; People v Schumann, 146 Misc 395; People v Peterson, 145 Misc 324.) The Court of Appeals has recently reviewed the multiple purposes historically noted as being the raison d’itre for an indictment by a Grand Jury, most notably, of course, to put the accused on notice of the crimes with which he is charged. (People v Iannone, 45 NY2d 589.) Thus, upon interpreting article VI (§ 18, subd a) of the New York Constitution in light of section 6 of article I one should think that the defendant in the case *482 at bar would not be entitled to an indictment at all because this case lacks the crucial element of an infamous or capital crime, involving only two misdemeanors.
The basis for the indictment in this case rests upon an entirely different legislative foundation — the discretionary removal provision of CPL 170.25. The predecessor of CPL 170.25 (Code Crim Pro, § 57) mandated removal from a local criminal court to County or Supreme Court (concerning a very lengthy list of enumerated petty offenses under section 56 of the Code of Criminal Procedure) under circumstances where "it is reasonable that such charge be prosecuted by indictment”. The modern removal statute, CPL 170.25, substitutes the lengthy list of enumerated petty offenses with "a charge of misdemeanor”, and provides for removal based upon "showing good cause to believe that the interests of justice so require”. When the old and new statutes are read together, it becomes intuitively obvious that the purpose of the removal statute is at best marginally related to the seriousness of the crime sought to be removed — the list of offenses in section 56 of the Code of Criminal Procedure included some remarkably petty offenses. As this court noted in an earlier case, removal depends upon the complexity of the legal and factual issues involved. (People v Lovejoy, 66 Misc 2d 1003.) Or, as the Honorable Judge Swartwood noted in another opinion on removal dealing with the same defendant as in the instant case: "when the misdemeanor charged is punishable by a sentence of confinement, here up to one year, and the lower court is presided over by a lay Justice, the case is removable as of right on the motion of the defendant to be prosecuted by indictment in a superior court which are all presided over by lawyer Judges.” (People v Dean, 96 Misc 2d 781, 783.)
What then is the purpose of requiring the indictment in the case at bar to be tried by a 12 rather than a 6-man jury? This case does not involve a capital or infamous crime, but rather two misdemeanors. The basis for removal in the instant case was not to prove the constitutional protection of 12 rather than 6 jurors, but the reason was to provide a lawyer Judge. When the Legislature wrote article VI (§ 18, subd a) of the New York Constitution it mandated a 12-man jury where there is an indictment, assuming the presence of at least one felony to have been charged, and it provided the leeway for a six-man jury in courts of special sessions: "The legislature *483 may provide that in any court of original jurisdiction a jury shall be composed of six or twelve persons”.
The use of a six-man jury in New York has now been codified universally in criminal actions in lower courts by CPL 360.10. And, the Supreme Court of the United States has held that New York City lower courts should at least provide a six-man jury (prior to the enactment of CPL 360.10) in Baldwin v New York (399 US 66, at p 72). But while the court in Baldwin made it imminently clear that misdemeanors are serious enough to warrant a jury trial, the court spoke approvingly of 6-man juries, as opposed to 12: "It is true that in a number of * * * States the jury provided consists of less than the 12-man, unanimous-verdict jury available in federal cases. But the primary purpose of the jury is to prevent the possibility of oppression by the Government; the jury interposes between the accused and his accuser the judgment of laymen who are less tutored perhaps than a judge or panel of judges, but who at the same time are less likely to function or appear as but another arm of the Government that has proceeded against him.” (Baldwin v New York, supra, p 72.)
Thus, it is submitted that to require a jury of 12 as opposed to 6 people in County Court in cases where misdemeanors are removed from local criminal courts serves but one purpose: to increase the burden of judicial administration and place an added strain on county coffers with no concommitant benefit to defendant’s constitutional rights. A six-man jury is every bit as effective at the county level in dealing with misdemeanors as it is in courts of special sessions. To place undue emphasis on literal language of article VI (§ 18, subd a) of the New York Constitution and to require a 12-man jury whenever an indictment is present, regardless of origin or the offenses contained therein, works against the effective administration of justice. In removal of cases from local to county courts, the added expense has traditionally been a relevant consideration, and should be no less so in choosing the size of the jury. (People v Katzowitz, 150 Misc 63, 68.) Therefore this court holds that in cases removed as of right under CPL 170.25 in order to provide defendant with a lawyer Judge, and where the indictment contains charges no more serious than misdemeanors, the defendant’s rights are adequately protected by a jury composed of six persons.
With respect to the allegations of prosecutorial conduct, the defendant’s rights were adequately protected by defense *484 counsel’s objections rendering any attempted impropriety by the Assistant District Attorney harmless error.
The motion to set aside the verdict under CPL 330.30 is hereby denied.

 The critical relationship between the Grand Jury provision of section 6 of article I and article VI, generally, is beyond dispute. See People v De Jesus (21 AD2d 236) for a case in point.