197 N.J. Super. 41 (1984)
484 A.2d 34
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD LINNEHAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1984.
Decided November 9, 1984.
*42 Before Judges MATTHEWS, FURMAN and COHEN.
Frank D. DeVito argued the cause for appellant (Francis X. Moore, attorney; Frank D. DeVito and Stephen Moore, on the brief).
James W. Kennedy, Assistant Prosecutor, argued the cause for respondent (John A. Kaye, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by RICHARD S. COHEN, J.A.D.
Defendant was convicted in the Red Bank Municipal Court of driving while intoxicated, N.J.S.A. 39:4-50, careless driving, N.J.S.A. 39:4-97, and two charges of driving while on the revoked list, N.J.S.A. 39:3-40. On the drunk driving conviction, he was sentenced as a third offender to 180 days incarceration reduced by 90 days of community service. He was also fined $1,000 and his operator's license was revoked for ten years. His conviction for careless driving merged into the drunk driving conviction and was not the subject of a separate sentence. On each conviction for driving while on the revoked list, defendant was sentenced to 10 days incarceration, a fine of $1,500 and a license revocation for 2 1/2 years.
*43 Defendant appealed to the Law Division where he was again convicted and the same sentences were imposed. On appeal here, his sole argument is that one charged with drunk driving as a third offender is entitled to a jury trial.
Persons charged with crime are constitutionally entitled to trial by jury. Those charged with petty offenses are not. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The New Jersey Supreme Court has held that the only reliable test for distinction is the severity of the authorized punishment, and that jury trial is not required unless the maximum penalty to which the defendant is exposed exceeds six months incarceration and a fine of $1,000. State v. Owens, 54 N.J. 153 (1969); In re Yengo, 84 N.J. 111 (1980). See Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed. 2d 437 (1970). Where factually related petty offenses are tried together whose maximum sentences total more than six months, and the defendant is not offered a jury trial, the sentences may not total more than six months. State v. Owens, supra. Concurrent jail sentences, each of which does not exceed six months, are permissible. Id. 54 N.J. at 163.
The penalty for a drunk driving third offender is a mandatory term of incarceration for 180 days, a fine of $1,000 and loss of license for 10 years. N.J.S.A. 39:4-50. The statutory language, "a term of not less than 180 days," was not well chosen. However, we are satisfied of the legislative intent and we adopt the reasoning of State v. Ferretti, 189 N.J. Super. 578 (Law Div. 1983) in this regard. Defendant was ordered to be jailed for a total of 200 days less 90 days of community service, or a net 110 days. Since his total sentence exposure was to incarceration of not more than six months and a fine of $1,000, and his actual incarceration will be less, there is no constitutional infirmity.
Counsel asks us to consider the ten years of license revocation and excess insurance premiums involved in a third conviction of drunk driving. We do not belittle those consequences *44 of conviction. We hold, however, that they are insufficient to convert a petty offense into a crime so as to require trial by jury.
Affirmed.