IN RE THE MATTER OF THE APPLICATION OF N.A. FOR
EXPUNGEMENT OF RECORDS.

Superior Court of New Jersey
Appellate Division

Submitted June 9, 1987—Decided July 8, 1987.

Before Judges ANTELL, BRODY and D'ANNUNZIO.

*Walder, Sondak, Berkeley & Brogan,* attorneys for appellant.

*Herbert H. Tate, Jr.,* Essex County Prosecutor, attorney for respondent *(Elizabeth A. Duelly,* Assistant Prosecutor, of counsel).

The opinion of the court was delivered by,

ANTELL, P.J.A.D.

Petitioner appeals from an order of the Law Division dated November 12, 1986 denying his application for an order expunging the record of his conviction for receiving stolen property, *N.J.S.A.* 2A:139–1, entered in May 1975. The application was made under *N.J.S.A.* 2C:52–2a which authorizes such relief after ten years so long as the petitioner "has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction. . . ."

Petitioner's application was denied by the Law Division on the ground that he had pled guilty on April 26, 1985, to a federal charge of causing a bank to fail to file a currency transaction report in violation of 31 *U.S.C.A.* § 5313(a). According to petitioner, the maximum punishment applicable thereto under 31 *U.S.C.A.* § 5322(a) was a sentence of one year imprisonment and/or a fine of $1000. Neither the State nor the petitioner has furnished us with details as to the time and circumstances of the federal violation, and for purposes hereof we assume that petitioner's statement of the applicable penalty is correct.[1]

The question presented on this appeal is whether the federal conviction was for a subsequent "crime" within the meaning of

---

[1] 31 *U.S.C.A.* § 5322(a) was amended October 12, 1984 to provide for a maximum penalty of $250,000 or imprisonment for not more than 5 years, or both. *P.L.* 98–473, Title II, § 901(b), 98 Stat. 2135.

*N.J.S.A.* 2C:52–2. Petitioner points out that the punishment provided by the New Jersey Code of Criminal Justice for crimes of the fourth degree, our lowest grade of crime, is a maximum of 18 months imprisonment, *N.J.S.A.* 2C:43–6a(4), and/or a fine of $7,500, *N.J.S.A.* 2C:43–3b. Because the punishment provided for by the federal statute is substantially less, he argues that for expungement purposes it should be regarded as the equivalent of a disorderly persons offense under our Code and not as a crime.

Petitioner's argument overlooks the fact that although the maximum custodial punishment for our lowest grade of crime is 18 months imprisonment, *N.J.S.A.* 2C:1–4 specifically recites that any New Jersey statutory offense "for which a sentence of imprisonment in excess of 6 months is authorized, constitutes a crime within the meaning of the Constitution of this State." Moreover, for sentencing purposes *N.J.S.A.* 2C:44–4c provides that "[a] conviction in another jurisdiction shall constitute a prior conviction of crime if a sentence of imprisonment in excess of 6 months was authorized under the law of the other jurisdiction." Prior to the enactment of that legislation our Supreme Court applied the same standard in *State v. Owens,* 54 *N.J.* 153, 160 (1969), *cert.* den. 396 *U.S.* 1021, 90 *S.Ct.* 593, 24 *L.Ed.*2d 514 (1970). It would appear, therefore, that where the question has been addressed in this state, either by the courts or the legislature, the determination has been made that offenses punishable by more than 6 months imprisonment are regarded as crimes. Although those determinations do not directly control this situation, our study of outside material compels the belief that the expungement statute should be read consistently therewith to contemplate a subsequent crime as an offense entailing possible imprisonment for more than six months. On this basis we conclude that petitioner's federal misdemeanor conviction bars his claim for relief.

In *In re Buehrer,* 50 *N.J.* 501, 517–518 (1967) the Supreme Court differentiated between crimes and lesser offenses by noting that prosecutions for the former were accompanied by

the constitutional guarantees of indictment and trial by jury whereas lesser offenses, which did not carry the stigma, the disabilities or the severe penalties attendant upon a conviction for crime, were not the subject of indictment and trial by jury. As the Court further explained in *State v. Maier*, 13 *N.J.* 235, 250–251 (1953), in prosecutions for disorderly conduct a defendant was spared

> ... from the personal disgrace of a criminal record and all of the social and business disadvantages which flow from a criminal conviction, including the loss of his right to continue to hold any public office he then occupied, *N.J.S.* 2A:135–9, or to qualify for a civil service position, *R.S.* 11:9–6, *R.S.* 11:23–2, or the right to serve as a juror, *N.J.S.* 2A:69–1.

In the federal jurisdiction punishable offenses are classified under 18 *U.S.C.A.* § 1 in the following language:

> Notwithstanding any Act of Congress to the contrary:
>
> (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.
>
> (2) Any other offense is a misdemeanor.
>
> (3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense.

The federal charge to which petitioner pled guilty in 1985, being punishable by imprisonment for a maximum of one year, is a misdemeanor, not a petty offense. The Supreme Court of the United States, recognizing the difference in seriousness between crimes and petty offenses, withholds from the latter the right of trial by jury. *Duncan v. Louisiana*, 391 *U.S.* 145, 159, 88 *S.Ct.* 1444, 1452, 20 *L.Ed.*2d 491, 502 (1968); *District of Columbia v. Clawans*, 300 *U.S.* 617, 626–627, 57 *S.Ct.* 660, 662–665, 81 *L.Ed.* 843, 847 (1937); *Schick v. United States*, 195 *U.S.* 65, 70, 24 *S.Ct.* 826, 827, 49 *L.Ed.* 99, 102 (1904). Art. III, § 2, Cl. 3 of the United States Constitution together with the Fifth and Sixth Amendments thereto mandate trial by jury in all *criminal* prosecutions. Thus, the presence or absence of this guarantee is of significant aid in determining whether a particular offense is a crime or a petty offense.

In *Baldwin v. New York*, 399 *U.S.* 66, 68, 90 *S.Ct.* 1886, 1888, 26 *L.Ed.*2d 437, 440 (1970), the United State Supreme Court

found that the most relevant criteria in determining whether an offense is petty or criminal is to be found "in the severity of the maximum authorized penalty." The further significance of *Baldwin* for our purposes is that the Court there categorically held that "the possibility of a one-year sentence is enough in itself to require the opportunity for a jury trial." It further "concluded that no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." 399 *U.S.* at 69, 90 *S.Ct.* at 1888, 26 *L.Ed.*2d at 440. And in *Codispoti v. Pennsylvania*, 418 *U.S.* 506, 512, 94 *S.Ct.* 2687, 2691, 41 *L.Ed.*2d 912, 919 (1974), it reiterated, "... those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes."

By statute and court rule federal authority recognizes misdemeanors as serious crimes in contrast to petty offenses. For example, 18 *U.S.C.A.* § 3401(b) specifically provides that persons charged with misdemeanors have "a right to trial, judgment, and sentencing by a judge of the district court and ... a right to trial by jury before a district court judge or magistrate." Concomitant therewith, Rule 2(a) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates, promulgated June 1, 1980 by order of the Supreme Court of the United States, provides that the trial of a misdemeanor may proceed "on an indictment, information, or complaint or, if it be a petty offense, on a citation or violation notice." Rule 2(b)(6) further requires the magistrate to inform the defendant of his right to trial by jury before either a magistrate or a judge of the district court.

The foregoing treatment leaves little doubt that within the federal jurisdiction the offense of which petitioner was convicted is a crime, not a petty offense.

Finally, we note that under *N.J.S.A.* 19:4–1(8) the right of suffrage is denied persons "serving a sentence or ... on parole or probation as the result of a conviction of any indictable

offense under the laws of this or another state or of the United States." Since misdemeanors in the federal jurisdiction may be prosecuted either by indictment or information the disenfranchisement consequent thereon also demonstrates that the federal misdemeanor is a crime and not a lesser offense.

We conclude that under relevant standards petitioner's application for expungement of his 1975 conviction for receiving was properly denied.

Affirmed.