619 A.2d 1330

THE GALAXY TOWERS CONDOMINIUM ASSOCIATION, A NEW JERSEY NONPROFIT CORPORATION, PLAINTIFF, v. STEPHANIE M. ELSIS AND FRANK ELSIS, HER HUSBAND, DEFENDANTS.

THE GALAXY TOWERS CONDOMINIUM ASSOCIATION, A NEW JERSEY NONPROFIT CORPORATION, PLAINTIFF, v. RONALD SWING, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE AND HEIR–AT–LAW OF DONALD J. MULLEN, DECEASED, DEFENDANT.

THE GALAXY TOWERS CONDOMINIUM ASSOCIATION, A NEW JERSEY NON-PROFIT CORPORATION, PLAINTIFF, v. ROBERT LOEB, AND THE BANK OF NEW YORK, DEFENDANTS.

THE GALAXY TOWERS CONDOMINIUM ASSOCIATION, A NEW JERSEY NON-PROFIT CORPORATION, PLAINTIFF, v. WAI YIN SHUM; PUI SAN SHUM; WAI KANG LEUNG; AND PUI LEUNG, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Hudson County

Decided January 13, 1993.

*Burton T. Cohen* for plaintiff (*Okin, Cohen & Hollander,* attorneys.)

*Robert Loeb,* defendant *pro se.*

*Elizabeth McNamara,* Assistant County Counsel for Hudson County.

KIMMELMAN, P.J.Ch.

Application has been made to the court by the holder of four (4) final judgments of foreclosure for the entry of an order relieving the Sheriff of Hudson County of his statutory duty of conducting a foreclosure sale in each case and for the appointment of some other officer of the court to conduct the sale. Such other officer, presumably an attorney-at-law, would supersede the Sheriff to whom the writs of execution have already been directed in each of these four cases. Instructions would be given to the officer to conduct a foreclosure sale in each case forthwith.

It appears, without dispute, that the oldest writ of execution for the conduct of a foreclosure sale was delivered to the Sheriff on July 1, 1992. The Hudson County Sheriff's Office (like most other such offices in the State) is besieged with writs to hold foreclosure sales and apparently does not have the budget capacity to hire adequate manpower to adjust to the handling of such overwhelming volume of sales occasioned by the current economic downturn. Consequently, the earliest a foreclosure sale can be anticipated for the first of such writs is the spring of 1993. Thus, plaintiff is facing a wait of approximately nine (9) months for a sheriff's sale to take place on the oldest writ with a similar wait contemplated for each subsequent writ. The Sheriff personally acknowledged before the court that he would like to better serve, but present circumstances render his office unable to do so.

Plaintiff and other mortgagees who have obtained foreclosure judgments are obviously prejudiced by such an inordinate delay. Interest continues to accrue; mortgagors have long ago defaulted and ceased making periodic mortgage payments; most likely, many mortgagors continue to occupy the mortgaged property "rent free" so to speak; carrying charges

for municipal liens should be paid and premiums for insurance must be met. Such burdensome circumstances are financially draining to foreclosure judgment holders who have little choice but to wait in line for their turn.

Without any rebuke or blame, the mere recitation of the foregoing presents a most disturbing, if not shocking, picture of the complete breakdown of the orderly and timely administration of the mortgage foreclosure practice in Hudson County. A court of equity cannot permit such condition to continue without endeavoring to fashion an appropriate remedy or to allow resort to a reasonable alternative. *Fortugno v. Hudson Manure Co.*, 51 *N.J.Super.* 482, 501–502, 144 *A.*2d 207 (App. Div.1958); *Union Minerals v. Port Realty*, 129 *N.J.Super.* 41, 45, 322 *A.*2d 192 (Ch.Div.1974); *Kruvant v. 12–22 Woodland Ave. Corp.*, 138 *N.J.Super.* 1, 28, 350 *A.*2d 102 (Law Div.1975), *aff'd*, 150 *N.J.Super.* 503, 376 *A.*2d 188 (App.Div.1977).

There is no doubt that under the statutes and applicable rules of court, the Sheriff is the preferred officer in New Jersey to make levies on real property and to conduct an execution sale thereof. *See N.J.S.A.* 2A:50–19; 2A:50–37; 2A:61–1, *et seq.; R.* 4:59–1; *R.* 4:65–1, *et seq.* Nevertheless, the Sheriff is not intended to be the exclusive officer for the conduct of execution sales. While *R.* 4:59–1 expressly contemplates that the writ of execution shall be delivered to the Sheriff, it does permit the court to otherwise order. This is consistent with *N.J.S.A.* 2A:50–19 and 2A:50–37 which permit mortgaged premises to be sold by "the Sheriff or other officer . . ." to whom the writ is directed and delivered.

Clearly, then, the pertinent legislation and court rules allow a court to order that a foreclosure sale be conducted by an "officer" other than the Sheriff. The present crisis affecting the foreclosure section of the Office of the Sheriff of Hudson County warrants, if not demands, a departure from the procedure normally followed in foreclosure cases and compels the court to now appoint an attorney who shall be designated as a

"Special Referee" with instructions and authority to advertise, notice and conduct the foreclosure sales in the cases before the court and to then report the same for confirmation as required by *R.* 4:65–6(b).

Counsel shall submit an appropriate order.