The State shall submit a form of order consistent with this opinion.

626 A.2d 483

IN THE MATTER OF THE APPLICATION OF WALTER HART
FOR A FIREARMS PURCHASER IDENTIFICATION CARD
AND A PERMIT TO PURCHASE A HANDGUN.

Superior Court of New Jersey
Law Division Bergen County

Decided April 23, 1993.

*Lynn S. Muller* and *Steven T. Muller* for the applicant, (*Muller & Muller,* attorneys).

*James P. Kimball,* Assistant Prosecutor (*John J. Fahy,* Bergen County Prosecutor, attorney).

JONATHAN N. HARRIS, J.S.C.

*Introduction*

██ Ownership of firearms and a criminal conviction do not mix. *N.J.S.A.* 2C:58–3(c)(1). Nevertheless, a person whose criminal conviction has been expunged may be entitled to a permit to purchase a firearm. *N.J.S.A.* 2C:52–27. In this gun permit appeal, appellant Walter Hart was convicted in 1971 in New York of coercion in the second degree, a class A misdemeanor. Expungement of that conviction is unavailable in both New York and New Jersey. Having been denied a firearms purchaser identification card and a permit to purchase a handgun by the Bergenfield Chief of Police, appellant now claims that he is entitled to the card and permit because his conviction was not for a "crime." Alternatively, he argues that even if it were a crime, because of the passage of time, he is entitled to be treated as if the crime were expunged. I conclude that for purposes of New Jersey's Gun Control Law the conviction was for a crime. Furthermore, in the absence of a legislative remedy akin to expungement which would remove the conviction as a disability, appellant is not entitled to either a firearms purchaser identification card or a permit to purchase a handgun.

FINDINGS OF FACT

On November 28, 1969, appellant—a New York City police detective—was charged in New York with nine offenses ranging from bribe receiving to unlawful imprisonment. On April 21, 1971 he was convicted of a single charge of coercion in the second degree in violation of N.Y.Penal Law § 135.60 (McKinney 1987). Coercion in the second degree is a class A misdemeanor with a

maximum punishment of one year imprisonment pursuant to N.Y.Penal Law § 70.15(1) (McKinney 1987). Appellant was sentenced to three months imprisonment which sentence was served.

Since 1971 appellant has apparently led a law-abiding life. He is a licensed plumber with his own plumbing and heating company. Although the record is almost barren, it appears that appellant is a one-time offender who, since 1971, has led a life of rectitude and disassociated himself with unlawful activity.

## CONCLUSIONS OF LAW

The questions presented on this gun permit appeal are 1) whether the New York conviction was for a "crime" within the meaning of *N.J.S.A.* 2C:58–3(c)(1) and 2) even if the conviction was for a crime, does it stand today as a disability in light of the philosophy of *N.J.S.A.* 2C:52–1 *et seq.* which permits expungements of New Jersey crimes after 10 years.

### COERCION IN THE SECOND DEGREE IS A CRIME

Appellant claims that his conviction in New York was not for a "crime" for purposes of gun permitting in New Jersey because he did not enjoy the right to be indicted for the offense in New York. Under New Jersey statutory and constitutional law, any statutory offense for which a sentence of imprisonment in excess of six months is authorized, constitutes a crime within the meaning of the New Jersey Constitution, and the accused is therefore protected by Art. 1, ¶ 8:

> No person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury, except in cases of impeachment, or in cases now prosecuted without indictment, or arising in the army or navy or in the militia, when in actual service in time of war or public danger.
>
> *N.J.S.A.* Const. Art. I, par. 8

This is somewhat unlike the various constitutional rights to a grand jury indictment for offenses committed in New York or subject to federal jurisdiction. The United States Constitution and the New York Constitution provide the following:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land

or naval forces, or in the Militia, when in actual service in time of War or public danger;

U.S. CONST. amendment V

No person shall be held to answer for a capital, or otherwise infamous crime (except in cases of impeachment, and in cases of militia when in actual service, and the land, air and naval forces in time of war, or which this state may keep with the consent of congress in time of peace, and in cases of petit larceny, under the regulation of the legislature), unless on indictment of a grand jury,

N.Y. CONST. Art. 1, § 6

The federal Fifth Amendment right to indictment by a grand jury has not been selectively incorporated into the Fourteenth Amendment as a fundamental right applicable to the individual states. *Branzburg v. Hayes,* 408 *U.S.* 665, 688, 92 *S.Ct.* 2646, 2660, 33 *L.Ed.*2d 626, 649 n. 25 (1972); *State v. Porro,* 158 *N.J.Super.* 269, 272, 385 *A.*2d 1258 (App.Div.1978), *cert. den* 439 *U.S.* 1047, 99 *S.Ct.* 724, 58 *L.Ed.*2d 706 (1978). The State of New Jersey has extended the right of indictment to its citizens beyond that which New York and the federal constitutions provide, because in those jurisdictions indictment is required only where the offense is punishable for longer than one year. *People v. Dean,* 103 *Misc.*2d 480, 426 *N.Y.S.*2d 418 (N.Y.Sup.Ct.1980), *rev'd on other grounds,* 80 *A.D.*2d 695, 436 *N.Y.S.*2d 457 (1981). In New Jersey, any offense which carries a maximum penalty in excess of six months is subject to review by a grand jury. *N.J.S.A.* 2C:1–4(a); *cf. State v. Senno,* 79 *N.J.* 216, 398 *A.*2d 873 (1979) (a person charged with an offense is entitled to the protections afforded by indictment depending upon whether the offense is "criminal" or "petty.")

Notwithstanding these differences in grand jury availability, even in 1971, all three jurisdictions provide trial by petit jury to persons accused of offenses with a maximum imprisonment of more than six months. This bright line fundamental right to trial by petit jury flows to the States from the Sixth Amendment through the Fourteenth Amendment. *Baldwin v. New York,* 399 *U.S.* 66, 90 *S.Ct.* 1886, 26 *L.Ed.*2d 437 (1970).

There are many provisions in the Code of Criminal Justice which delineate their force or effect based upon whether a person

has been previously convicted of a crime. For example, whether a person is entitled to an expungement is dependent upon the number of prior or subsequent convictions for "crimes." *Application of N.A.*, 218 *N.J.Super.* 547, 528 *A.*2d 92 (App.Div.1987); *State v. Josselyn*, 148 *N.J.Super.* 538, 372 *A.*2d 1184 (Law Div. 1977); *cf. State v. H.J.B.*, 240 *N.J.Super.* 216, 572 *A.*2d 1205 (Law Div.1990) (a foreign disorderly persons conviction is not a numerical limiting factor in expungement petitions).

Sentencing guidelines for the imposition of an extended term provide in *N.J.S.A.* 2C:44–3(a) that persistent offender status may be conferred if, among other things, the person has been previously convicted on at least two separate occasions of two crimes, committed at different times, when the person was at least 18 years of age. *N.J.S.A.* 2C:44–4(c) provides "[a] conviction in another jurisdiction shall constitute a prior conviction of a crime if a sentence of imprisonment in excess of 6 months was authorized under the law of the other jurisdiction."

▮ *Rules of Evidence* 20, 47, 55 and proposed *N.J.R.E.* 609 require consideration of whether an offense was a crime or a petty offense. *N.J.S.A.* 2A:81–12 provides that the credibility of any witness may be affected by the introduction of evidence of the witness' prior conviction of any crime. However, juvenile offenses are not crimes, and proof of a delinquency adjudication is not admissible under *N.J.S.A.* 2A:81–12 for purposes of impeachment. *State in Interest of K.P.*, 167 *N.J.Super.* 290, 293, 400 *A.*2d 840 (App.Div.1979). A conviction for a disorderly persons offense may not be used to impeach a witness under *N.J.S.A.* 2A:81–12. *U.S. v. Evans*, 398 *F.*2d 159 (3d Cir.1968).

▮ New Jersey has consistently taken the position that the only reliable test for determining the distinction between crimes and petty offenses is the severity of the authorized punishment. *State v. Linnehan*, 197 *N.J.Super.* 41, 43, 484 *A.*2d 34 (App.Div. 1984). The most relevant indication of society's view of the seriousness of an offense is the severity of the penalty authorized

for its commission. Whether a foreign jurisdiction fails to provide the same or similar right to indictment as New Jersey—especially since *this* right is not deemed (as a matter of federal constitutional law) as fundamental as the right to be tried by a petit jury—does not determine whether appellant's conviction is a crime for local purposes.

Although appellant's crime—coercion in the second degree—did not exist in that form in New Jersey in 1971, the closest local offense—extortion—was treated as a crime. Today, *N.J.S.A.* 2C:13–5 provides that criminal coercion (a close relative to appellant's offense in New York) is either a third or fourth degree crime. Obviously, the Legislature determined that criminal coercion is not a petty offense and a conviction today clearly would be a crime for purposes of gun permitting.

Although an argument [1] may be made that the locus of the conviction (New York) is the only place to look for guidance as to the seriousness of the offense, this has not been accepted as law in New Jersey. The proper test is not what the provisions of the foreign state are, but rather, whether the offense committed in the foreign jurisdiction would be a crime if it had been committed in this State. *State v. Hines*, 109 *N.J.Super.* 298, 305, 263 *A.2d* 161 (App.Div.1970). As so posited, I conclude that appellant's conviction is a crime in New Jersey for purposes of *N.J.S.A.* 2C:58–3(c)(1).

### THERE IS NO EQUITABLE REMEDY AVAILABLE FOR THE ISSUANCE OF A GUN PERMIT

Appellant contends that even if his conviction were for a crime, he is nonetheless entitled to the issuance of the card and

---

1 "What may be a serious offense in one setting—*e.g.*, stealing a horse in Cody, Wyoming, where a horse may be an indispensable part of living—may be considered less serious in another area, and the procedures for finding guilt and fixing punishment in the two locales may rationally differ from each other." *Baldwin v. New York*, 399 *U.S.* 66, 77, 90 *S.Ct.* 1886, 1892, 26 *L.Ed.2d* 437, 448 (1970) (Burger, J., dissenting).

permit because he is *equitably* entitled to an expungement. Appellant acknowledges that the New York conviction can not be the subject of a direct expungement petition in either New York or New Jersey. However, he argues that the duration between the conviction and his application for the gun permit—twenty-two years—is more than twice as long as the ten year maximum period of disqualification for an expungement under *N.J.S.A.* 2C:52–2. The deprivation of the remedy of expungement that appellant would have enjoyed if he had been convicted in New Jersey instead of New York, is the basis for his claim of unfair and inequitable treatment. He has raised no constitutional due process or equal protection arguments, but simply claims that he has fallen through one of the proverbial legislative cracks and is prejudiced thereby.

The danger of permitting courts to act where the legislature has failed to provide a remedy is to encourage a system which will be left to the whim of the power in charge. Such a notion not only does violence to traditional separation of powers, but also runs the risk of elevating a single judge's sense of what is right and what is wrong above the collective judgment of the representatives of the people. If the court made a new rule for each case, based upon expediency, or upon the sense of what is appropriate for that case and upon nothing else, we will have a society governed by caprice, instead of a society governed by law. No one would be happy, and none of us would be safe in such a society.

The Legislature has provided procedures to allow persons to demonstrate their rehabilitation and for the removal of certain disabilities in various contexts, but not in gun permitting. *N.J.S.A.* 2A:168A–1 *et seq.*, entitled "Rehabilitated Convicted Offenders," provides a comprehensive scheme for the restoration of rights and privileges to persons convicted of crimes for the purpose of obtaining employment or to participate in vocational or educational rehabilitation programs. *N.J.S.A.* 18A:6–7.1(e) provides that individuals who are disqualified from public school

employment because of criminal convictions may affirmatively demonstrate their rehabilitation to the Commissioner of Education by clear and convincing evidence, and thereby regain the opportunity to be employed in the public schools. *N.J.S.A.* 30:4-3.5(b) provides that individuals who are otherwise disqualified from employment in a State institution or facility for the mentally ill or the developmentally disabled because of criminal convictions may affirmatively demonstrate their rehabilitation to the Commissioner of Human Services by clear and convincing evidence, and thereby regain the opportunity to be employed in a mental health facility.

Where the Legislature has spoken to the issues of rehabilitation, removal of disabilities, and expungement, but has failed to provide an opportunity for the removal of foreign-generated disabilities in the gun permitting arena, I can only conclude by the deafening silence that the Legislature's failure to act was purposive. But why would the Legislature allow a conviction for criminal coercion in New Jersey to be expunged, thereby enabling an applicant to acquire a firearm, but the same conviction in New York works a permanent bar to firearms' ownership? The answer is simply that in constructing the careful grid of gun control in New Jersey, the Legislature has determined that persons bearing foreign convictions of crimes should be permanently separated from firearms in this State. *Cf., Matter of Two Seized Firearms,* 127 *N.J.* 84, 602 A.2d 728 (1992) (Florida resident not entitled to transport firearms through New Jersey even though without criminal intent and knowledge that New Jersey would regard the possession as illegal). Further support for this notion is found in the fact that when the Code of Criminal Justice was originally enacted in Chapter 95, Laws of 1978 the provision which would become *N.J.S.A.* 2C:58-3(c)(1) provided that no handgun purchase permit and no firearms purchaser identification card shall be issued "[t]o any person who has been convicted *in this State* of a crime" (emphasis supplied). Three days before the Code of Criminal Justice was to become effective (September 1, 1979) the Legislature amended this provision in Chapter 179, Laws of 1979

to remove the words *"in this State,"* thus making a person convicted of a crime *anywhere* ineligible for a gun permit.

The short answer to appellant's arguments concerning equitable relief is that if such relief is to be provided, it must come from the Legislature. The situation in which the appellant finds himself is neither disturbing nor shocking, and does not remotely resemble the complete breakdown of the orderly administration of justice so as to trigger extraordinary equitable relief. *Cf., Galaxy Towers v. Elsis,* 262 *N.J.Super.* 92, 619 *A.*2d 1330 (Ch. Div.1993) (crisis caused by backlog of foreclosure sales warrants equitable remedy of appointment of Special Referee to facilitate and speed judicial sales). He is not entitled to an equitable expungement.

CONCLUSION

New Jersey need not observe the lowest common denominator of gun control among the various states. New Jersey is entitled to determine for itself whether appellant's conviction deprives him of the right to acquire firearms, and for how long. Appellant's New York conviction, although remote in time and followed by a long period of compliance with the law, stands as an absolute bar to his application to purchase firearms. The action of the Bergenfield Chief of Police is affirmed.