NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0274-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR BAVEROV,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

August 11, 2025

APPELLATE DIVISION

Argued April 28, 2025 – Decided August 11, 2025

Before Judges Gummer, Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 23-004.

John Menzel argued the cause for appellant.

Alexandra E. Harrigan, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

JACOBS, J.S.C. (temporarily assigned)

Defendant Victor Baverov appeals from an August 30, 2023 Law Division order upholding a municipal court's January 26, 2023 finding of guilt for a fifth driving-while-intoxicated (DWI) offense, sentencing him to 180 days in jail, an eight-year license forfeiture, and other mandatory fines and penalties. N.J.S.A. 39:4-50. Defendant claims ineffective assistance of counsel, arguing his trial attorney refused to present a psychiatric defense based on "persecutory paranoia" and amnesia unrelated to alcohol use. He also challenges the constitutionality of a bench trial, claiming he was entitled to a jury trial given the custodial sentence imposed.

We conclude neither of defendant's contentions has merit and affirm the Law Division's order.

## I.

Shortly before 11:00 p.m. on November 19, 2021, a New Jersey State Trooper was dispatched to a motor-vehicle accident on a rural roadway in Upper Freehold. The trooper encountered defendant standing beside his vehicle, which had veered off the road and struck a tree. The trooper saw that defendant exhibited signs of alcohol impairment. Specifically, the trooper observed defendant's eyes were bloodshot and watery, his speech was slurred, and there

was a strong odor of alcohol emanating from his breath. When questioned, defendant admitted consuming "five or six beers" that evening at a nearby bar.

The trooper administered a battery of field sobriety tests, several of which defendant failed. Defendant was arrested and transported to the police station. After being advised of his Miranda[1] rights, defendant again admitted to consuming alcohol earlier that night and consented to provide Alcotest breath samples.

Defendant was charged with DWI, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; and failure to maintain lane, N.J.S.A. 39:4-88(b). Before trial, defendant expressed to his attorney that he wished to assert a psychiatric defense based on persecutory paranoia and amnesia. He contended he had suffered from a mental abnormality that caused episodes of memory loss, independent of alcohol consumption. Defendant claimed he could not recall the accident and had no memory of consuming alcohol on the night in question. Defendant did not retain an expert to advance this defense.

During a trial held on November 17, 2022, the State called as a witness the trooper who had conducted the sobriety tests and effectuated arrest. After the State rested, the following colloquy ensued:

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

DEFENSE COUNSEL: Judge, we're not going to put a case on, but I do want to – and Your Honor may want to hear from the defendant. I just want to build a record on a legal issue in case there's an appeal out of this.

THE COURT: Understood.

DEFENSE COUNSEL: And I'm going to have my client testify[,] not substantively. Your Honor doesn't have to put him under oath because . . . he wants to pursue a line of defense which [by] my understanding of the law is improper and inadmissible. I'm certain the prosecutor would object, and I'm a hundred percent positive Your Honor would sustain the objection. The case I'm referring to [is] a Law Division [case], but it's still good law[,] called State v. Inglis I-N-G-L-I-S. It's reported at 304 N.J. [Super.] 207 [(Law Div. 1997)]. It's a 1997 Law Division case, and it came out with a tranche of cases from that era dealing with what the Appellate Division, Supreme Court call – . . . they're just defenses that are just subject to being made up. Okay. I'll think of what the word they used to describe it.[2] But the bottom line is that one of the defenses that came up, and this was in the Inglis case, was the defense of insanity . . . . And the Law Division said, listen, this is not an appropriate defense in a drunk driving case. First of all, you're dealing with a strict liability offense. The defendant's state of mind is irrelevant. That's Number 1. And Number 2, it's a type of defense that lends itself to fraud and, you know, just made-up evidence, and there's really no way for the State to rebut those things. So, this case stands for the proposition

---

[2] We surmise the word counsel likely attempted to recall was "pretextual." For example, Justice Garibaldi wrote, "In our DWI decisions we attempt to eliminate every possibility of pretextual defenses. We have done so not only because of any doubts about the veracity of the factual defense offered, but also because of the potential for pretext." State v. Fogarty, 128 N.J. 59, 68 (1992).

that if you're going to raise a psychiatric defense in a drunk driving case, that evidence is inadmissible and should not be heard by the court. It's not relevant to the case in any way, shape or form. Now, as an attorney and the relationship between attorney and client is pretty specific in the sense that at trial defendant gets to decide three things. If you want to plead guilty or you want to plead not guilty, that's Number 1. Number 2, in the Superior Court do you want to have a jury trial or not a jury trial? And, Number 3, do you want to testify or not testify? Okay. Apart from that, every other decision in the case gets made by the attorney. Everything that's – all of those tactical and strategic decisions are out of the defendant's hands, and I've made a determination based on my understanding of the law that Your Honor would not admit it, the prosecutor would object, it's improper testimony and just can't be part of the case based upon the case law. If I thought it was going to help my client and be admissible, I'd take a different position, and my client disagrees with me on that, and he wanted Your Honor to know about that, not as substantive evidence, only just for the purpose of building a record, and I would ask Your Honor not to consider it as evidence. Is that okay with the court?

THE COURT: That's fine.

After hearing from defendant directly as to his lack of memory of events on the night in question, the court reserved decision to consider the evidence. On January 26, 2023, the municipal judge found defendant guilty of DWI and dismissed the remaining charges. Noting this was defendant's fifth DWI offense, the court imposed a sentence of 180 days in county jail, an eight-year driver's license suspension, four year of mandatory ignition interlock, and other

mandatory fines and penalties. Execution of the sentence was stayed pending appeal.

Represented by new counsel, defendant appealed to the Law Division. On August 14, 2023, Judge Michael A. Guadagno, J.A.D. (Ret.) heard argument and conducted a de novo review, ultimately affirming the conviction and sentence. The Law Division rejected defendant's ineffective assistance of counsel argument, holding that even if the psychiatric defense had been presented, there was no resulting prejudice because the defense was without merit as a matter of law. Judge Guadagno emphasized that the insanity defense and other affirmative defenses under the Criminal Code are not applicable to motor-vehicle violations such as DWI. State v. Federico, 414 N.J. Super. 321, 326-27 (App. Div. 2010).

After the Law Division vacated the stay, defendant moved before this court for a stay pending further appeal. Although this court denied the stay, we remanded for resentencing before a different judge to permit defendant to make a statement in mitigation. On December 7, 2023, the case was heard by the presiding judge of the Criminal Part. The presiding judge denied defendant's request for a stay of sentence and re-affirmed the sentence previously imposed.

On appeal, defendant advances two arguments for consideration:

<u>POINT I</u>

BECAUSE DEFENSE COUNSEL NOT ONLY FAILED TO PRESENT, BUT ALSO UNDERMINED HIS CLIENT'S DEFENSE, THIS COURT SHOULD VACATE THE CONVICTION AND REMAND FOR A NEW TRIAL.

<u>POINT II</u>

GIVEN CHANGES IN DOUBLE JEOPARDY JURISPRUDENCE AND THE SEVERITY OF THE PENALTIES TO WHICH DEFENDANT IS EXPOSED, THIS COURT SHOULD REMAND THIS MATTER FOR A JURY TRIAL.

II.

On appeal from a municipal court to the Law Division, the standard of review is de novo on the record. Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1.1 on <u>R.</u> 3:23-8 (2025). Because the Law Division judge is not in a position to judge the credibility of witnesses, deference is due to the credibility findings of the municipal court judge. <u>State v. Locurto</u>, 157 N.J. 463, 472 (1999). <u>See</u> <u>R.</u> 3:23-8(a) (governing de novo criminal trials). Our review is limited to determining whether the Law Division's findings could reasonably have been reached on sufficient credible evidence in the record. <u>State v. Robertson</u>, 228 N.J. 138, 148 (2017). Like the Law Division, we lack the "opportunity to hear and see the witnesses and to have the 'feel' of the case" that

the municipal court has.  Locurto, 157 N.J. at 471.  We may not "weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence."  State v. Barone, 147 N.J. 599, 615 (1997).  We thus must defer to the trial court's credibility findings.  State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000).

However, legal determinations are reviewed de novo.  Robertson, 228 N.J. at 148.  Whether defendant was entitled to a jury trial is a question of law.  Whether he received ineffective assistance of counsel is also a question of law in this instance, as we accept all that counsel said at face value, without making credibility determinations.

III.

Ineffective Assistance of Counsel

We begin with defendant's claim that trial counsel provided constitutionally ineffective assistance by failing to present an insanity or psychiatric defense in connection with the DWI charge.  His argument is premised on the assertion that these conditions, particularly when manifested independently of alcohol consumption, would have undermined the State's ability to prove impairment under N.J.S.A. 39:4-50.

To assess this claim, we apply the familiar two-prong test established under Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 53-58 (1987). A defendant must demonstrate both: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that, but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. Strickland, 466 U.S. at 687, 694; State v. Echols, 199 N.J. 344, 359 (2009).

Here, the first prong is dispositive. Trial counsel's decision not to advance an insanity defense was not only reasonable but compelled by prevailing law. DWI under N.J.S.A. 39:4-50 is a strict-liability offense to which affirmative defenses based on mental states, including insanity, diminished capacity, or intoxication, do not apply. See State v. Hammond, 118 N.J. 306, 307, 310 (1990); Federico, 414 N.J. Super. at 326.

The most thorough treatment of the purported defense raised here appears in an opinion, State v. Inglis, 304 N.J. Super. 207 (Law Div. 1997), authored by then Law Division Judge Jose Fuentes, P.J.A.D. (Ret.). There, the court rejected a DWI defendant's attempt to introduce psychiatric evidence of bipolar disorder to negate culpability. Id. at 209-210. Judge Fuentes explained:

> [T]he offense of driving while intoxicated precludes the
> common-law defense of insanity for two reasons. The

first is that the statute creating the offense embodies a strong legislative policy of precluding defenses that have a high potential for being pretextual. The second is that driving while intoxicated is an absolute liability offense, a fact that militates against permitting a defense that focuses on a defendant's lack of mental culpability.

. . . .

[T]he common-law insanity defense is unavailable to defendants charged with driving under the influence.

[Id. at 211, 214.]

Judge Fuentes noted it is irrelevant for defendants to claim that driving under the influence meets the M'Naghten test for common-law insanity because that test focuses on the culpability associated with the defendant's state of mind. Id. at 213. He wrote, because "[DWI] is a strict liability offense, requiring no culpable mental state," it is therefore irrelevant whether the defendant "knew or appreciated that driving under the influence was wrong." Ibid. (citing Hammond, 118 N.J. at 314).

We endorse the holding and reasoning of Inglis, adopting it as precedent. In the same vein, our holding aligns with Federico, where defendant claimed involuntary exposure to intoxicating chemical compounds at his workplace resulted in an "inability to recollect short memory and lack of orientation." 414 N.J. Super. at 326. The defendant "could therefore neither remember nor have

10

'the cognitive capacity to make a knowing and reasoned response to the questions that he was asked'" by the police officer who found him sleeping in his car. Ibid. Here, as there, we emphasize that DWI is an absolute liability offence. To allow a defense based on involuntary ingestion of intoxicants, like an altered mental state due to psychiatric condition, "would contravene the 'clear legislative intent and a strong legislative policy to discourage long trials complicated by pretextual defenses.'" Id. at 327 (quoting Hammond, 118 N.J. at 317).

Counsel's decision to cite Inglis and decline pursuit of a legally untenable defense not only reflected professional competence but fulfilled an ethical obligation to refrain from advancing a frivolous defense and to disclose to the tribunal legal authority known to be directly adverse to the position of the client. RPC 3.1; RPC 3.3(a)(3).[3] Counsel's conduct in this case was tactically sound and ethically commendable.

---

[3] RPC 3.1 reads, in pertinent part: **"Meritorious Claims and Contentions.** A lawyer shall not bring or defend a proceeding, nor assert or controvert an issue therein unless the lawyer knows or reasonably believes that there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law, or the establishment of new law." (Emphasis added).

Because the first prong of the Strickland/Fritz test has not been met, we do not reach the second prong. Nonetheless, we note the evidence of intoxication was substantial. Defendant admitted to drinking five or six beers, failed field sobriety tests, exhibited classic signs of impairment, and drove his vehicle into a tree. Had counsel presented psychiatric testimony, there remains no realistic likelihood the result of the proceeding would have been different. Accordingly, the claim of ineffective assistance of counsel is without merit.

Right to a Jury Trial

Defendant contends that he was constitutionally entitled to a trial by jury in light of the 180-day jail sentence imposed combined with the gravity of the other penalties imposed, including an eight-year license suspension and four-year ignition interlock device. He argues his offense must be deemed "serious" rather than "petty," thereby triggering the jury trial guarantee under both the Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution.

---

RPC 3.3(a)(3) reads, in pertinent part: "**Candor Toward the Tribunal.** A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client . . . ."

A-0274-23

Both federal and state precedent foreclose defendant's claim.

The United States Supreme Court has held there is no Sixth Amendment right to jury trial for "petty offenses," defined as those for which the maximum authorized term for imprisonment does not exceed six months. Blanton v. N. Las Vegas, 489 U.S. 538, 543-44 (1989). In Blanton, the Court held that a first-offense DWI conviction under Nevada law, punishable by a maximum sentence of six months in jail, was a petty offense that did not constitutionally require a jury trial. Ibid.

New Jersey courts have uniformly recognized the distinction between petty and more serious offenses, categorized as disorderly persons and indictable offenses, the former allowing for a maximum sentence of six months under our Criminal Code. N.J.S.A. 2C:1-4. In State v. Hamm, 121 N.J. 109, 112 (1990), our Court held that a third-offense DWI conviction with a 180-day mandatory jail sentence did not entitle the defendant to a jury trial. The Hamm Court noted that "the DWI offense is in no sense to be regarded as a criminal offense under the laws of the State of New Jersey." Id. at 118. As such, the Court observed that "the culpability standards with respect to state of mind that ordinarily attend criminal offenses do not attend DWI offenses." Ibid.

13

Likewise, in State v. Denselbeck, 225 N.J. 103, 106 (2016), the Court reiterated that the denial of a jury trial in a third-offense DWI case did not offend federal or state constitutional guarantees. So long as the period of incarceration does not exceed six months for any single offense, the right to trial by jury does not attach. Ibid.; see also Lewis v. United States, 518 U.S. 322, 324-28 (1996) (defendant charged with multiple petty offenses with potential aggregate penalties exceeding six months is not entitled to a jury trial unless a single offense carries a sentence exceeding six months).

Applying these principles here, defendant was convicted of a single DWI offense, subject to a 180-day custodial sentence. Although the court imposed ancillary penalties, those consequences, though significant, do not establish the offense as "serious" under controlling jurisprudence.

Defendant's attempt to aggregate multiple Title 39 penalties into a single, compound offense is unavailing. Likewise, his suggestion that the possibility of additional jail time on dismissed charges triggers a right to trial by jury is unsupported by law. Because the remaining charges here were dismissed, and because the sentence imposed did not exceed the 180-day limit, the constitutional threshold for a jury trial was not met.

A-0274-23

Even if the remaining charges had not been dismissed, New Jersey law nonetheless permits imposition of concurrent sentences for multiple petty offenses without mandating a corresponding right to a jury trial. See State v. Linnehan, 197 N.J. Super. 41, 43 (App. Div. 1984) (citing State v. Owens, 54 N.J. 153, 163 (1969)). Accordingly, we conclude defendant was not entitled to a jury trial under either federal or state law.

In sum, we affirm the August 30, 2023 order of the Law Division upholding defendant's municipal court conviction for DWI and the sentence imposed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division